Johk H. Weidxeb, S.
In this accounting proceeding petitioners seek a construction of paragraph fourth of decedent’s will, which reads as follows:
“ fourth: I give and bequeath to my daughter dorothy o. bradley, now residing at 9 Carlton Street, Binghamton, New York, the following shares of stock, if I own the same at the time of my death, including all dividends declared but unpaid, and all rights and benefits connected therewith:
“ (a) One Hundred (100) shares International Business Machines Corporation, capital stock.
“ (b) One Hundred (100) shares Endicott-Johnson Corporation, common capital stock.
*946 ££ (e) Twenty-two (22) shares Portland Gas Light Company of Portland, Maine, preferred stock.
“ (d) Thirty-five (35) shares Standard Oil Company of New Jersey, common, capital stock.
££ (e) Thirty-five (35) shares National Dairy Products Corp., common capital stock.
“ (f) Forty-five (45) shares H. L. Green Co., Inc., Common capital stock.”
The problem of construction arises because of certain stock distributions and corporate changes occurring between the date of the execution of the will on May 16, 1953, and the death of the decedent on July 9,1961.
More specifically, by reason of stock dividends and stock splits, decedent’s holdings of International Business Machines Corporation stock increased from 224 shares to 1,741% shares. By reason of a stock split his 35 shares of National Dairy Products Corp. stock increased to 70 shares. By reason of further acquisitions and stock dividends, his 45 shares of H. L. Green Co. Inc. stock increased to 160 shares, and by a merger with McCrory Corp., the total holdings changed to 32 shares of McCrory Corp. preferred stock and 240 warrants to purchase its common stock.
It was stipulated that when the will was executed the decedent also owned the 100 shares of Endicott Johnson Corporation stock, 22 shares of Portland Gas & Light Company preferred stock, and 35 shares of Standard Oil Company of New Jersey stock which were bequeathed in subparagraphs (b), (c) and (d). Prior to death he disposed of his Standard Oil Company stock. Under the language of the will, the bequest of Standard Oil Company stock adeemed.
Dorothy C. Bradley, the only daughter and distributee of the decedent, was named as executor together with the City National Bank of Binghamton, now by merger First-City National Bank of Binghamton, N. Y. As the individual beneficiary of the bequests in paragraph fourth, she lays claim to the aforementioned stock distributions, proportionate to the number of original shares bequeathed to her. The bank is trustee of the residuary estate. Dorothy C. Bradley is the life beneficiary thereof, with power of appointment of the remainder on death. As trustee, the bank claims that all stock distributions should be added to the trust.
This court believes that these stock distributions and corporate actions created a latent ambiguity as to the subject matter of the bequests, thereby justifying an exploration of decedent’s intent (Baumann v. Steingester, 213 N. Y. 328; Matter of *947 Baker, 89 N. Y. S. 2d 56). Testimony of the attorney who drafted the will and of the trust officer who conferred with the decedent was offered and received, together with certain written communications to and from the decedent.
From this record and from the language of the will, it clearly appears that the decedent intended, by the fourth paragraph of his will, to make specific bequests of stock which he admittedly then owned. The use of the phrase “ if I own the same at the time of my death,” seems conclusive on this point, particularly when coupled with the frank statement of the attorney that such was its purpose.
With particular reference to the International Business Machines Corporation stock, the trustee argues, however, that the decedent never intended to have this specific bequest augmented by stock splits and stock dividends. Reference is made to a letter from the decedent, addressed to the trustee on December 16, 1952, in which he lists, among his numerous stock holdings, 213 (increased to 224 by the time the will was executed) shares of International Business Machines Corporation stock, of which 100 shares “ is willed direct to my daughter ” and “ whatever over 100 shares ” is to be held in trust.
This court does not find that this letter is decisive of the issue. In the first place, this letter primarily related to an earlier will made in 1952 by another attorney. The will before this court made in 1953, with several preliminary drafts and several changes of a substantial nature, can hardly be construed on the basis of comments made about an earlier will.
Written by a layman, the words themselves are ambiguous and susceptible of several interpretations, at least as far as stock splits are concerned. Particularly is this true in light of the fact that in the exchange of correspondence preceding this letter, and in subsequent conferences leading up to the execution of a new will, there is no competent evidence that stock splits were ever mentioned or considered.
At times one may test the validity of certain conclusions by assuming facts of a different nature. Suppose his 213 (later 224) shares of International Business Machines Corporation stock had been twice split 10 for 1, instead of 5 for 4, 5 for 4, 2 for 1,1% for 1, and 1% for 1, so that, instead of owning 1,714% shares at the time of death, he owned 21,300 or 22,400 shares. Suppose also that this stock had proportionately declined in value. Can it be convincingly argued that this decedent intended that his only daughter should receive but 100 shares while 21,200 or 22,300 shares were to be placed in trust! This court certainly cannot draw such a conclusion. Since the daughter was *948 the direct beneficiary of almost 50% of his International Business Machines Corporation holdings, this court finds that the decedent intended to bequeath on death, stock equivalent to the stock owned when he made the will.
Accordingly, in the absence of convincing proof of the decedent’s intent to deny the benefit of stock splits of specifically bequeathed stock, we must apply the well-established principle of law that stock splits belong to the beneficiary (Matter of Howe, 15 A D 2d 396, affd. 12 N Y 2d 870; Matter of Griffing, 11 A D 2d 709, affd. 9 N Y 2d 919; Matter of Hicks, 272 App. Div. 594, affd. 297 N. Y. 924). This finding and holding applies not only to the cumulative stock splits affecting the International Business Machines Corporation stock, but also to the National Dairy Products Corp. stock.
A contrary conclusion is reached as to stock dividends — ■ 4 dividends of 2%% each on the International Business Machines Corporation stock and 5 dividends of 1% each on H. L. Green Co. Inc. stock paid prior to death.
The beneficiary urges that the words ‘ ‘ and all rights and benefits connected therewith ” have no possible' meaning except to evidence an intention to include stock dividends. This court does not so find.
The quoted words follow and possibly embroider the phrase “ including all dividends declared but unpaid ”. Furthermore, the words could well relate to such other benefits as the right to subscribe to new shares or debentures, available to the decedent but not exercised or exercisable as of the time of death.
More to the point, however, is an implied expression of the decedent’s intent closely parelleling that which was found in Matter of Howe (supra). The Appellate Division affirmed the Surrogate’s ruling granting to the beneficiary the stock split affecting Eastman Kodak Company stock, but overruled the Surrogate and denied to the beneficiary the stock dividends. Primary reliance was placed on a codicil drawn after the will, which simply confirmed the original will specifically bequeathing 500 shares of this stock. Both before and after the execution of the codicil this company had declared and paid stock dividends. The court found that this codicil evidenced an intent that none of the stock dividends should be added to the original bequest.
In the proceeding before this court, the record shows that after the execution of an earlier will in 1952 and before the execution of the last will in 1953, International Business Machines Corporation declared and paid a 5% stock dividend. Stock dividends were a matter of discussion between the decedent and *949 the trustee. Since the will of 1953 carried the same bequest of 100 shares as did the earlier will of 1952, thus intentionally ignoring the intervening stock dividend, this court finds an intention on the part of the testator to exclude stock dividends subsequently declared and paid.
A more difficult problem is presented with respect to the H. L. Green Co. Inc. stock and the effect of the subsequent merger with the McCrory Corp. Accepting the statement in the petition that the two corporations were merged, this court will follow the decision in Matter of Spears (151 Misc. 181, 186) and hold that the beneficiary is entitled to her proportionate share of the substituted securities, exclusive of stock dividends.
On the basis of the aforesaid findings, the court computes the interest of the specific beneficiary in the stock in question as follows:
International Business Machines Corporation: 703.125 shares.
National Dairy Products Corp.: 70 shares.
Proceeds of sale of McCrory Corp. stock and warrants: 45/160 thereof.
Having decided that the gifts in paragraph fourth were specific and having decided the issue of stock splits, it follows as a matter of course that all dividends declared and paid after the death of the decedent on the above shares of stock belong to the beneficiary, Dorothy C. Bradley (Matter of Security Trust Co., 221 N. Y. 213). Such dividends should be allocated in proportion to the interest of such beneficiary as above indicated.