# (April 12, 1982)

■ In the Matter of the Estate of JON H. ALEXANDER, Deceased. — Decree reversed, with costs to all parties filing briefs, payable out of the estate, and matter remitted to Surrogate's Court, Monroe County, for entry of a decree in accordance with the following memorandum: Jon H. Alexander executed a will on May 31, 1979 and died on January 11, 1981. He left surviving two daughters, Sheila Williams and Noel Benson, and a son, John H. Alexander. The executor brought this proceeding for construction of the residuary clause of the will and the son appeals the Surrogate's decree that the residue passed to Sheila Williams and Noel Benson in equal shares. The residuary clause is contained in paragraph "SEVENTH" which provides: "I direct that all the rest, residue, and remainder of my estate, of whatever nature and wherever situated, be divided into equal shares, making one share for each of my daughters, Sheila Williams and Noel Benson, who are living at my death, and each of my deceased daughters who shall have issue then surviving. I direct that the share for my daughter Sheila Williams, include any real property I may own along Harris Road in the Town of Leroy, Genesee County, New York, (being more specifically part of Town Lot 136) provided there are sufficient assets to equalize the share passing to my daughter, Noel Benson. It is my intention that in all events, the shares passing to my daughters are to be equal in value. In respect to the share of any deceased child who shall have issue, I give, devise and bequeath the same in equal shares to such issue. In respect to each of my children living at my death, I give, devise and bequeath one such share to each such child." In determining the intent of the testator, the

Surrogate properly examined the entire will (*Matter of Fabbri,* 2 NY2d 236) and noted that in each of its paragraphs "the testator designated the legatee or legatees by name." The court concluded that it was the "very clear intent" of the testator "to divide his residuary estate between his two daughters". We disagree. Testamentary intent is best found in the clear and unambiguous language of the instrument itself (*Matter of Bisconti,* 306 NY 442, 445). Unless it is demonstrated that a different meaning was intended, words are to be given their usual and ordinary meaning (*Matter of Syracuse Univ. [Hendricks]*, 1 Misc 2d 904, affd 3 AD2d 890, affd 4 NY2d 744). It is to be presumed that each provision of a testamentary instrument has a purpose, and courts will strive, wherever possible, to give effect to every part of a will (*Matter of Goldstein,* 46 AD2d 449, 452, affd 38 NY2d 876). "When a testator in one part of his will demonstrates his ability to make a certain variety of gift by apt terms, the use of a different mode of expression in another direction raises the inference that he had a diverse disposition in mind" (*Matter of Parant,* 39 Misc 2d 285, 287; see, also, 64 NY Jur, Wills, § 592). The will under review provides for gifts of real and personal property to named beneficiaries, and the residuary clause specifically describes the shares of testator's two daughters. The words of gift of the residue, however, are found in the last two sentences of paragraph "SEVENTH" wherein testator alludes to "each of my children" and grants shares "to each such child" or to the issue of "any deceased child". The language employed in those sentences is clear and unambiguous, and may be read together with other language employed in the residuary clause and with the remainder of the will, without inconsistency, to the conclusion that testator's son John should share equally in the residuary disposition. Such a construction gives meaning to every provision of the will (see *Matter of Goldstein, supra*), adheres closely to the rules of intestate distribution (see *New York Life Ins. & Trust Co. v Winthrop,* 237 NY 93) and is consistent with the favored goal of promoting equality of distribution among children (see *Matter of Harden,* 177 App Div 831). We thus find that the testator intended that his residuary estate be distributed in equal shares among his three children. All concur, except Denman and Boomer, JJ., who dissent and vote to affirm the decree, in the following memorandum.

Denman and Boomer, JJ. (dissenting). In this proceeding for the construction of a will, the Surrogate construed the seventh paragraph to divide the residuary estate between the decedent's two daughters to the exclusion of his son. We agree with the Surrogate. By the first sentence of that paragraph the testator divided his residuary estate into equal shares making one share for each of his two daughters, Sheila Williams and Noel Benson. Clearly the residuary estate is divided into only two shares. The penultimate sentence disposes of *the share* of any deceased child and the last sentence gives *one such share* to each child living at the time of the decedent's death. In the last two sentences, "the share" and "such share" must refer to one of the two shares created by the first sentence, for that is the only place the shares are created and described. The words "child" and "each child" refer to any child entitled to a share. This construction is consistent with the other parts of the will. Wherever the decedent made a bequest or devise, he designated the beneficiary by name. In the first paragraph he gave his tangible personal property "to my daughters, Sheila Williams and Noel Benson". In the third paragraph he gave $10,000 "to my son, John H. Alexander". In the sixth paragraph he gave his residence "to my sister, Lois Diorio, and my brother-in-law, Caesar Diorio" for their joint lives and after their deaths he gave the property "to my daughters, Sheila Williams and Noel Benson." The canon of construction that favors equality in the distribution of the estate among the testator's children

(64 NY Jur, Wills, § 571) must yield to the intention of the testator as indicated by the will as a whole. "[B]asic is that the prime consideration of all construction proceedings is the intention of the testator as expressed in the will. All canons of construction are subordinate to this consideration." (*Matter of Larkin*, 9 NY2d 88, 91.) In the paragraphs of the will other than paragraph seventh, the testator did not treat his children equally. He gave his son $10,000, but that was all. He gave his daughters all of his tangible personal property and he made them, to the exclusion of his son, the remainder beneficiaries of his residence. The decree of the Surrogate should be affirmed. (Appeal from decree of Monroe County Surrogate's Court, Telesca, S. — will construction.) Present — Dillon, P. J., Denman, Boomer, Moule and Schnepp, JJ.