■ In the Matter of the Estate of EARL W. SMITH, Deceased. ELIZABETH KLINDT et al., Respondents; MARGARET M. HEIT, Appellant. — Appeal from a decree of the Surrogate's Court of Otsego County (Kepner, Jr., S.), entered November 16, 1981, which construed the terms of decedent's will. Decedent died a resident of Otsego County and his will, dated February 17, 1975, was admitted to probate. His wife died thereafter on August 16, 1980. At the time of decedent's death, he was the owner of certain real estate including a residence located in the Town of Butternuts. The question to be determined is whether the decedent husband intended to devise to his wife a life estate in his residence or the entire fee. The Surrogate determined that he intended to devise the entire fee. This appeal ensued. The pertinent portions of the will are as follows: "SECOND: I give and devise to my wife, Millie B. Smith, the life use of my residence in the Town of Butternuts, Otsego County, New York, together with all land on the west side of the highway running from Maple Grove to Gilbertsville, she to pay all the taxes and repairs. THIRD: I give, devise and bequeath to my wife, Millie B. Smith, all of the remainder of my property and estate, both real and personal and wheresoever situate. FOURTH: In the event my said wife, Millie B. Smith, predeceases me I give, devise and bequeath her interest in my estate including the fee to said residence, to my friend,

Margaret Mary Heit, of Cooperstown, New York, and in the event my said wife, Millie B. Smith, does not predecease me, I give and devise my said residence to said Margaret Mary Heit, subject to the life use of my said wife. FIFTH: I hereby grant unto my executrix hereinafter named full power and authority to sell and convey any and all real estate of which I may die seized excepting the premises set forth in paragraph 'Second' above." It is well established that the intent of the testator must be gleaned not from a single word or phrase but from a sympathetic reading of the will in its entirety and in view of all the facts and circumstances under which the provisions of the will were framed (*Matter of Fabbri*, 2 NY2d 236, 240). Testamentary intent is best found in the clear and unambiguous language of the instrument itself (*Matter of Bisconti*, 306 NY 442, 445; *Matter of Alexander*, 87 AD2d 994, 995). In light of these principles of construction, we are of the view that there must be a reversal. By the second paragraph of the will, decedent clearly and unambiguously gave his wife a life use of the residence. By the fourth paragraph, the only other one specifically referring to the residence, decedent expressed a desire, if his wife predeceased him, to give the fee to Margaret Mary Heit. He further stated that if my wife does not predecease me I give and devise my said residence to Margaret Mary Heit, "subject to the life use of my said wife". A fair reading of the will in its entirety demonstrates a desire to give the fee to Heit and a life use to the wife. Contrary to petitioner's contention, the third paragraph, in referring to the remainder of the property, means all property other than the residence. Finally, the use of the word "fee" in the phrase "my estate including the fee to said remainder" contained in the fourth paragraph, in our opinion, was an inadvertent, careless use of the word and taken alone does not express an intent to give the wife the fee in light of all other language to the contrary. Decree reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Otsego County for further proceedings not inconsistent herewith. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.