■ BENJAMIN SHAPIRO, Appellant, v ULTRASONIC CORPORATION OF AMERICA, INC., et al., Respondents. — In an action to recover wages, commissions and vacation pay based upon breach of contract of employment, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Dunkin, J.), dated April 21, 1983, which, upon reargument, denied his motion to strike defendant Gee's answer for failure to appear for a court-ordered deposition, and granted defendant Gee's motion for summary judgment dismissing plaintiff's complaint as against him, and (2) a judgment of the same court (Hyman, J.), dated May 23, 1983, which, after a nonjury trial against defendants Ultrasonic Corporation of America, Inc., and Swaby, dismissed the complaint in its entirety.

Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed, without costs or disbursements.

Plaintiff was employed by the defendant corporation at a stated weekly salary plus a 20% commission on the sales made by him. In addition to his weekly salary, plaintiff was allowed $100 per week as a draw against commissions.

When his employment terminated, plaintiff concededly had not been paid his salary for the last three weeks and two days that he worked, amounting to $1,190. He claimed that there were also sums due as commissions he had earned. As proof thereof, plaintiff relied upon the record of invoices and commission tallies prepared by defendant corporation's typist-receptionist, the accuracy of which was disputed by defendant Swaby, vice-president of the corporation, who had computed the amount due plaintiff when he left the company and found that his drawings exceeded commissions due by $1,350 and that there was nothing due and owing to him. While we agree with plaintiff that the invoices and commission tallies should have been admitted into evidence under the business records rule (CPLR 4518, subd [a]), it is clear that the exclusion of such records was harmless error in view of the testimony of Ms. Swaby, which the trial court found to be credible, and upon which it based its decision.

We note parenthetically that, in view of the paucity of corporate records, the trial court offered to abort the trial and allow plaintiff an opportunity to conduct further examinations before trial but the offer was declined.

With respect to defendant Gee, it is clear that his liability, if any, was the same as that of his codefendants, who were exculpated after trial. Hence, Gee's motion for summary judgment dismissing the complaint as to him based upon the outcome of the trial, was properly granted. Lazer, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.