■ EDWARD P. FARRELL, Appellant-Respondent, v COMSTOCK GROUP, INC., et al., Respondents-Appellants. [621 NYS2d 325] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered November 1, 1993, which awarded plaintiff a total sum of $529,220.38, unanimously modified, on the law and the facts, to vacate the award of interest, and the matter remanded to the Supreme Court with a directive that the Clerk compute simple interest from December 5, 1985, and otherwise affirmed, without costs. Appeals from orders of the same court and Justice entered July 7, 1993, and October 18, 1993, unanimously dismissed as subsumed by the appeal from said judgment, without costs.

Under CPLR 5001 (b), interest is to be computed from the earliest ascertainable date the cause of action existed. Here, the fraudulent misrepresentation occurred when plaintiff was fraudulently induced to sign the patent agreements concerning his invention.

Contrary to defendants' contention, the verdict is not against the weight of the evidence. The evidence of fraudulent inducement was sufficient. Parol evidence was admissible and raised genuine factual issues (see, Fine Arts Enters. v Levy, 149 AD2d 795, 796-797). Contrary to plaintiff's contention, imposition of a constructive trust on the royalties collected by defendants is not warranted. A constructive trust would require a showing of, inter alia, a confidential or fiduciary relationship and unjust enrichment (Sharp v Kosmalski, 40 NY2d 119, 121). Here the subject patent is no longer in the hands of parties over whom the court has personal jurisdiction, the plaintiff showed only an ordinary employer-employee relationship (see, Ingle v Glamore Motor Sales, 73 NY2d 183), and there is no showing of actual unjust enrichment, as defendants spent some $1,200,000 to earn only $500,000 and an unproven amount of royalties.

We have considered cross-appellants' remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Asch and Rubin, JJ.