■ 155 HENRY OWNERS CORP. et al., Respondents-Appellants, v LOVLYN REALTY Co., Appellant-Respondent, et al., Defendants. [647 NYS2d 30] —In an action, *inter alia,* to recover damages for breach of contract, (1) the defendant Lovlyn Realty Co. appeals from so much of a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered June 26, 1995, as, after a nonjury trial, is in favor of the plaintiffs and against it in the principal sum of $93,148.12, and (2) the plaintiffs cross appeal from so much of the same judgment as failed to award damages for lost tax abatements and the cost of replacing penthouse windows.

Ordered that the judgment is modified by deleting the provisions thereof awarding the plaintiffs prejudgment "interest from August 4, 1988 through December 4, 1994, in the sum of $33,818.12", and remitting the matter to the Supreme Court, Kings County, for entry of an appropriate amended judgment consistent herewith; as so modified, the judgment is affirmed

insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly determined that the defendant Lovlyn Realty Co. (hereinafter Lovlyn) wrongfully repudiated its contract with the plaintiffs when it refused to perform for the contract price after the Landmarks Preservation Commission approved the replacement window submitted by Lovlyn. Moreover, the award of damages was proper because the loss suffered by the plaintiffs was the "natural and probable consequence of [Lovlyn's] breach" *(Kenford Co. v County of Erie,* 73 NY2d 312, 319). The plaintiffs, however, were not entitled to additional damages for the loss of J-51 tax abatements since such loss was not "within the contemplation of the parties at the time the contract was made" *(American List Corp. v U.S. News & World Report,* 75 NY2d 38, 43).

Contrary to Lovlyn's contention, the plaintiffs were entitled to prejudgment interest since they were the prevailing party *(see,* CPLR 5001 [a]; *DeLeonardis v EFG Plumbing & Heating Corp.,* 222 AD2d 339; *City Univ. v Finalco, Inc.,* 129 AD2d 494, 496). However, the Supreme Court erred in awarding prejudgment interest from August 4, 1988. While the prevailing party is entitled to prejudgment interest "from the earliest ascertainable date the cause of action existed" (CPLR 5001 [b]), "[t]he award of interest is founded on the theory that there has been a deprivation of use of money or its equivalent and that the sole function of interest is to make whole the party aggrieved. It is not to provide a windfall for either party" *(Kaiser v Fishman,* 187 AD2d 623, 627; *see also,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5001.10). Thus, the ascertainable date "assumes that whatever damages are sought are shown to have been sustained at least by that time" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5001:4, at 359; *see also,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5001.10; *Gelco Bldrs. v Simpson Factors Corp.,* 60 Misc 2d 492, 493). Following Lovlyn's breach, the plaintiffs contracted with Ecker Manufacturing (hereinafter Ecker) in March 1989 to install the replacement windows. Between March 7, 1989, and May 8, 1990, the plaintiffs made eight payments to Ecker. It was not until the plaintiffs tendered payment to Ecker on August 1, 1989, that their payments exceeded the cost of the original contract with Lovlyn. Thus, this is the earliest ascertainable date from which prejudgment interest may accrue. Thereafter, the plaintiffs made three additional payments. Since it is within the Supreme Court's discretion to award prejudgment interest from the date of each payment or

an ascertainable "single reasonable intermediate date" (CPLR 5001 [b]), the matter is remitted to the Supreme Court, Kings County, for a new computation of prejudgment interest consistent herewith.

We have reviewed the parties' remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.