■ MARGARET L. OWEN, Respondent, v STEPHEN R. LLOYD, Appellant. [650 NYS2d 463] —Crew III, J. Appeal from that part of a judgment of the Supreme Court (Keniry, J.), entered November 27, 1995 in Saratoga County, which denied defendant's demand for prejudgment interest.

In January 1989, in contemplation of their then-impending marriage, plaintiff and defendant purchased certain real property as joint tenants with the right of survivorship, with plaintiff and defendant contributing $6,000 and $39,607.05, respectively, toward the purchase price. The parties subsequently parted ways and, in March 1993, the property was sold to a third party, at which time plaintiff received approximately $5,600 and defendant received approximately $6,000, with the balance of the proceeds being placed in the noninterest-bearing escrow account of plaintiff's attorney pending resolution of the parties' dispute as to the division thereof. When no such agreement could be reached, plaintiff commenced this action for breach of contract seeking one half of the proceeds. Defendant answered and counterclaimed contending, *inter alia*, that he was entitled to a pro rata share of the proceeds, and moved for summary judgment. Supreme Court granted defendant's motion, but a dispute thereafter arose regarding defendant's entitlement to prejudgment interest. Supreme Court, constru-

ing defendant's counterclaims as seeking equitable relief, concluded that the award of prejudgment interest was discretionary and denied defendant's request in this regard. This appeal by defendant followed.

CPLR 5001 (a) provides that: "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." Here, although defendant's counterclaims sounded in equity, it is clear that he was seeking an award of money damages—namely, his rightful share of the proceeds from the sale of the property in question. Supreme Court granted defendant such relief pursuant to Civil Rights Law § 80-b, which permits a party to bring an action for the recovery of a chattel, the return of money or the rescission of a deed to real property when the sole consideration for the transaction was a contemplated marriage that did not occur. As to relief, the statute permits the court, in its discretion, to impose a lien upon the property or chattel or to award money damages in lieu thereof (see, CPLR 5001 [a]).

Based upon our review of the statute and the relevant case law (see, e.g., Gaden v Gaden, 29 NY2d 80), we are persuaded that the relief afforded by Civil Rights Law § 80-b is both contractual and legal in nature and, as such, the award of prejudgment interest here was mandatory. Accordingly, defendant is entitled to statutory interest computed from the date that the real property was sold, i.e., March 19, 1993.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded statutory interest from May 9, 1995; said interest is to be computed from March 19, 1993; and, as so modified, affirmed.