■ ROSE ASSOCIATES, Respondent, v LENOX HILL HOSPITAL, Appellant, et al., Defendants. [695 NYS2d 1] —Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered August 20, 1998, which awarded plaintiff landlord use and occupancy damages against defendant Lenox Hill Hospital with respect to certain apartments occupied by the individual defendants as subtenants of Lenox Hill Hospital after expiration of Lenox Hill Hospital's leases for such apartments on September 30, 1992, in the total principal amount of $1,585,198.28, with prejudgment interest from the date midway between October 1, 1992 and September 30, 1997, unanimously affirmed, with costs. Appeal from ex parte order, same court and Justice, entered on or about August 24, 1998, denying Lenox Hill Hospital's application for an order to show cause why such judgment should not be modified, *inter alia*, to vacate or reduce the award of prejudgment interest, unanimously dismissed, without costs, as taken from a nonappealable paper and, in any event, as academic in light of the affirmance of the aforesaid judgment.

In October 1994, during the pendency of this action, the Court of Appeals ruled that chapter 940 of the Laws of 1984, the provision upon which defendant Lenox Hill had relied in claiming entitlement to the renewal of certain rent stabilized leases in plaintiff landlord's premises, was constitutionally invalid (*Manocherian v Lenox Hill Hosp.*, 84 NY2d 385, *cert denied* 514 US 1109). Thereafter, in May 1997, the Supreme Court, based on *Manocherian*, granted plaintiff an order of ejectment in this case, and referred the issue of the fair market value of the use and occupancy of the apartments during the holdover period to a Referee to hear and report. This appeal is taken from the judgment subsequently rendered, which awarded plaintiff use and occupancy damages for the entire holdover period, from the expiration of the last set of leases on September 30, 1992, through the times at which the subject apartments were finally vacated by the Lenox Hill employees, the last such apartment having been vacated in September 1997. Lenox Hill argues, *inter alia*, that, to the extent damages have been awarded for the period prior to the Court of Appeals' invalidation of chapter 940 in October 1994, the judgment unfairly penalizes it for having relied in good faith on a duly enacted statute. We disagree.

It is undisputed that Lenox Hill continued in possession of

the subject apartments after the expiration of the last set of leases on September 30, 1992, and during the pendency of this action brought to determine, *inter alia*, whether Lenox Hill was entitled to the protection of the Rent Stabilization Law, pursuant to a series of stipulations between plaintiff and Lenox Hill, under which Lenox Hill agreed to pay for use and occupancy of the apartments at a specified rate pendente lite, without prejudice to the rights and remedies of the parties as ultimately determined in this action. The last such stipulation and order, dated July 3, 1997, provided that use and occupancy would be determined for "the period during which Lenox Hill has been holding over past the termination date of the leases". Thus, Lenox Hill stipulated to accept the status of a holdover tenant in the event it lost on the rent-stabilization coverage issue, and the award of damages to compensate plaintiff for the fair market value of the use and occupancy of the apartments for the entire holdover period (*see, e.g., 2641 Concourse Co. v City Univ.*, 137 Misc 2d 802, 804-805, *affd for reasons stated* 147 AD2d 379) simply gives effect to the parties' agreement as to what their rights and obligations would be in the event chapter 940 were invalidated.

To the extent Lenox Hill's objections to the award of prejudgment interest have been preserved, we perceive no infirmity in such award. Because this action sought the legal remedy of ejectment, which the Supreme Court granted in May 1997, plaintiff was entitled to prejudgment interest as a matter of right (CPLR 5001 [a]). Even if prejudgment interest were discretionary, we would hold that the Supreme Court properly exercised its discretion in its award of such interest in this case. We note that the award of interest from the midway point of the entire holdover period does not require Lenox Hill to pay any interest for the period prior to the Court of Appeals' invalidation of chapter 940, and thus such midway point constitutes a "single reasonable intermediate date" from which to calculate interest under CPLR 5001 (b). Concur—Williams, J. P., Wallach, Andrias and Friedman, JJ.