**Michael H. DONOVAN, Plaintiff,**

v.

**DAIRY FARMERS OF AMERICA, INC., Lewis Gardner and Edwin Schoen, Defendants.**

**No. 95–CV–571.**

United States District Court, N.D. New York.

June 18, 1999.

Hancock & Estabrook, LLP, Syracuse, NY (David E. Peeble, Michael J. Sciotti, of counsel), for plaintiff.

MacKenzie Smith Michell & Hughes, LLP, Syracuse, NY (Carter H. Strickland, of counsel), for defendants.

## MEMORANDUM–DECISION and ORDER

MUNSON, Senior District Judge.

This matter was reassigned to the undersigned following the Hon. Rosemary S. Pooler's 1998 appointment to the United States Court of Appeals for the Second Circuit. On September 30, 1998, following a roughly two week trial before this court, the presiding jury returned a mixed verdict finding plaintiff's employer breached his contract, but had not terminated him because of his age. The verdict led to several post-trial motions, which currently are before the court. Plaintiff's motions ask the court: (1) to set aside the jury's verdict with respect to their finding no liability on his state and federal age discrimination claims; (2) to amend judgment to include prejudgment interest on the damages awarded on his breach of contract claim; and (3) to award plaintiff costs of the action, including reasonable attorney's fees. Defendants oppose plaintiff's motions and cross-move for judgment as a matter of law on plaintiff's breach of contract claim. After careful consideration, the court denies plaintiff's motion to set aside the verdict; denies defendant's motion for judgment as a matter of law; denies plaintiff's motion to award him costs and attorney's fees; and grants plaintiff's motion for prejudgment interest.

## BACKGROUND

The facts of this matter are set forth in Judge Pooler's July 17, 1997 decision and only those germane to the instant motions will be repeated here. See *Donovan v. Eastern Milk Producers Co-op. Ass'n. Inc.*, 971 F.Supp. 674 (N.D.N.Y.1997).[1] Plaintiff, the erstwhile General Manager at Eastern, claimed defendants breached his employment contract and discharged him from in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and New York Human Rights Law ("NYHRL"), N.Y.Exec.Law §§ 290 *et seq.* After hearing argument and considering the evidence presented at trial, the jury delivered a verdict of $40,000 that found merit to the breach of contract claim only. Although the jury found plaintiff proved his age was a motivating factor in Eastern's decision to fire him, it further found the company would have released him regardless of his age.

Plaintiff contends the verdict as to his age discrimination claim must be vacated because the court erred when it instructed the jury with a "mixed-motive" instruction.

1. Eastern Milk Producers Cooperative Association, Inc. ("Eastern"), the defendant named in the caption of Judge Pooler's decision, entered into a merger and no longer exists as a separate corporate entity. Dairy Farmers of America, Inc. ("DFA") has been substituted as the real party in interest.

Defendants never pled mixed-motive as an affirmative defense, plaintiff argues, therefore they were not entitled to such a jury charge. Defendants counter that as their answer sets forth the disputed affirmative defense, plaintiff's motion to vacate should be denied. Plaintiff also requests prejudgement interest on his award for breach of contract. Defendants do not exactly dispute that prejudgment interest should be awarded, but do claim that the evidence adduced at trial demonstrates they are entitled to judgment as a matter of law on plaintiff's breach of contract claim. Finally, plaintiff asks the court for attorney's fees and costs because he proved that defendants' decision to terminate him was motivated in part by his age. Defendants oppose this motion, arguing plaintiff did not prevail on his age discrimination claims and also that attorney's fees cannot be awarded in mixed-motive ADEA cases. The court examines these arguments *seriatim.*

## DISCUSSION

I. Plaintiff's Motion to Vacate the Age Discrimination Verdict

Plaintiff submits defendants' failure to raise mixed-motive as an affirmative defense in their pleadings should have precluded the court from giving a mixed-motive instruction to the jury at the conclusion of trial. As the instruction never should have been given, plaintiff adds, the court must vacate the verdict against his age discrimination claims and grant him a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. Defendants respond that they raised a mixed-motive defense in their answer to the amended complaint. They cite the language of their first affirmative defense, which reads: "Defendants' employment decisions with respect to the Plaintiff were based upon legitimate, non-discriminatory reasons." Dfts' Answer to Amend. Compl. at ¶ 36. Plaintiff counters that this language, while sufficient to raise a "pretext" defense, is

insufficient to plead a mixed-motive defense.

Employment discrimination claims generally fall into two categories: mixed-motive cases and pretext cases. *See Tyler v. Bethlehem Steel Corp.,* 958 F.2d 1176, 1180 (2d Cir.1992). Mixed-motive is an affirmative defense available to employers in employment discrimination cases. The defense, which must be raised in a defendant's pleadings, is available if there is credible evidence of both permissible and impermissible factors influencing a challenged adverse employment action. *See Ostrowski v. Atlantic Mut. Ins. Companies,* 968 F.2d 171, 180–81 (2d Cir.1992). In such a case, should a plaintiff prove that an impermissible factor—despite the presence of permissible factors—had a "motivating" role in an adverse employment decision, then the burden of persuasion shifts to the employer to prove as an affirmative defense that it would have made the same decision even in the absence of the discriminatory factor. *See Cabrera v. Jakabovitz,* 24 F.3d 372, 382–83 (2d Cir.1994).

By contrast, in a pretext case, a plaintiff argues that a protected status engendered an adverse employment decision and that a defendant's ostensibly legitimate reasons for the questioned action was pretextual. The burden of persuasion never shifts in a pretext case. Should a plaintiff establish a *prima facie* case of impermissible discrimination, a defendant does not bear the burden of proving that plaintiff's protected status—*e.g.,* age, gender or race—was not a factor in its decision. Rather, once the employer articulates a legitimate reason for its decision, the ultimate burden of proving that the challenged employment decision was the result of intentional discrimination remains with the plaintiff. *See Luciano v. Olsten Corp.,* 110 F.3d 210, 218 (2d Cir.1997).

Citing *United States v. Continental Ill. Nat'l Bank and Trust Co.,* 889 F.2d 1248, 1255 (2d Cir.1989), defendants note that one of the main reasons for the Rule

8' of the Federal Rules of Civil Procedure, which governs affirmative defenses, is to avoid surprise to the plaintiff. Given the history of this litigation, defendants continue, plaintiff cannot claim unfair surprise or prejudice from the mixed-motive instruction. For example, in Judge Pooler's previous decision she informed the parties: "Because I find that [plaintiff] survives summary judgment under the McDonnell Douglas–Burdine framework, I decline the parties' invitation to engage in a *Price Waterhouse* mixed-motive analysis." *Donovan*, 971 F.Supp. at 677, n. 2. Defendants contend that this reference to a mixed-motive analysis, in addition to others occurring at various stages during this litigation, in conjunction with the language of their first affirmative defense, put plaintiff on notice that defendants would present a mixed-motive defense. The court agrees, finds plaintiff's "pretext" argument unpersuasive, and denies his motion to vacate the age discrimination verdict.

## II. Defendants' Motion Judgment as a Matter of Law on the Breach of Contract Claim

At the close of trial, defendants moved pursuant to Rule 50 of the Federal Rules of Civil Procedure for judgment as a matter of law on plaintiff's breach of contract claim. The court reserved decision on defendants' motion. Following the verdict, defendants renewed their motion.

Essentially, defendants argue that plaintiff's employment contract with Eastern expressly provided that "[i]f the GM for any reason[ ]is not in the employ of the cooperative as of the end of the fiscal year[,] he shall be excluded from distribution under this plan for such fiscal year unless otherwise permitted by the board." Dfts' Not. of Mot. at Ex. F. Defendants reason that as Eastern did not employ plaintiff through March 31, 1995—the fiscal period for which the jury awarded him

his bonus—he was not entitled to any bonus.

Plaintiff posits two reasons for why defendants' instant reasoning is erroneous: first, he notes that although he had been "relieved of his responsibilities" on October 18, 1994, he remained employed with Eastern through March 31, 1995; and second, he argues that his contract called for his employment as General Manager with Eastern through March 31, 1995. Had he remained in that position, he would have been eligible for a year end, discretionary bonus. The $40,000 verdict is reasonable, plaintiff continues, because his incentive bonuses in previous years had been a comparable amount to the verdict.[2] Finally, he reminds the court that Judge Pooler previously held that a "reasonable jury" could find that defendants' actions deprived him of his ability to earn the disputed incentive bonus. The court finds plaintiff's reasoning persuasive and denies defendants' motion for a directed verdict.

## III. Prejudgment Interest

 Plaintiff seeks an amendment of judgment to be entered pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to allow prejudgment interest on his breach of contract award. He is entitled to such interest. Under New York law, "prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract." *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir.1984); *see* N.Y.C.P.L.R. § 5001 (McKinney 1992). The statutory rate for an award of prejudgment interest in breach of contract cases is nine percent. *See* N.Y.C.P.L.R. §§ 5001 and 5004 (McKinney 1992). Prejudgment interest is calculated on a simple interest basis from the earliest ascertainable date on which its cause of action existed. *See id.; Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83 (2d Cir. 1998); *Farrell v. Comstock Group, Inc.*,

---

**2.** For example, plaintiff testified that his bonuses were in excess of $35,000 in 1992 and $34,000 in 1993. He further testified that

Eastern owed him three weeks paid vacation pay, the value of which was approximately $15,000.

198

211 A.D.2d 493, 621 N.Y.S.2d 325, 326 (1st Dep't 1995). Accordingly, as defendants do not dispute the date, the court calculates prejudgment interest as accruing from March 31, 1995 to September 30, 1998. Plaintiff's motion is granted to the sum of $12,614.80 in prejudgment interest.[3]

## IV. Attorney's Fees

Although plaintiff did not prevail on his age discrimination claim, he notes that the jury found age was a motivating factor in Eastern's decision to fire him. He asks for reasonable attorney's fees and costs pursuant to 29 U.S.C. §§ 216(b) and 626(b), and Rule 54(d) of the Federal Rules of Civil Procedure. Not surprisingly, defendants oppose any such award.

The ADEA incorporates the attorney's fee provisions of the Fair Labor Standards Act, which provide that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs ... allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (incorporated by reference in 29 U.S.C. § 626(b)). In sum, in what appears to be a matter of first impression, plaintiff submits that as he demonstrated that his age was a motivating factor in Eastern's decision to fire him, the public interest and policy considerations underlying the ADEA mandate that the costs of this litigation, including his attorney's fees, be paid by defendants.

He reasons as follows. The ADEA and Title VII are premised upon the same fundamental principle: a discrimination free workplace. Both acts rely upon private citizens to enforce the statutes' guarantees, therefore the acts allow for attorney's fees for successful plaintiffs. Without the availability of attorney's fees, many citizens would be dis-couraged from vindicating their rights under either act.

Under *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), a plaintiff who could prove discrimination was a motivating factor in an adverse employment action could not establish a Title VII violation if the employer demonstrated it would have taken the same action regardless of the impermissible motivating factor. Congress, however, partially overruled *Price Waterhouse* in the Civil Rights Act of 1991 by allowing a finding of liability and limited relief to plaintiffs in mixed-motive cases. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 249, 114 S.Ct. 1483, 1489, 128 L.Ed.2d 229 (1994). Section 107(a) of that Act, codified at 42 U.S.C. § 2000e–2(m), holds that an employment practice is unlawful if there are legitimate and illegitimate motivations for it. Section 107(b) of the Act, codified at 42 U.S.C. § 2000e–5(g)(2)(B), states that if a plaintiff proves a violation of section 107(a), but the defendant demonstrates that it "would have taken the same action in the absence of the impermissible motivating factor," *id.*, the court may grant declaratory and injunctive relief as well as attorney's fees.[4] *Price Waterhouse* held there was no liability in mixed-motive cases, meaning an award of attorney's fees under such circumstances was not possible; the Civil Rights Act of 1991 permits a plaintiff in a mixed motive to recover these fees. Although the ADEA contains no statutory provision allowing recovery of attorney's fees in mixed-motive cases, plaintiff reasons that given the similar aims of that statute and Title VII, any other result would be incongruous.

Defendants disagree. They counter that whether a party is awarded attorney's fees under § 216(b) depends entirely upon whether a party is the prevailing party.

3. The court reaches this figure through the following equation: ($40,000) × (0.09%) × (3.5041095 years) = $12,614.80.

4. The court, however, cannot grant other damages, such as monetary relief or reinstatement.

*See, e.g., Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 913 (2d Cir.1997) ("prevailing party" in action brought under the ADEA entitled to recover attorney's fees). Plaintiff, they argue, is not a prevailing party under any traditional meaning and therefore is not entitled to attorney's fees. As to plaintiff's public policy argument, defendants cite *Sanderson v. City of New York,* No. 96–Civ–3368, 1998 WL 187834, *3, n. 2 (S.D.N.Y. Apr.21, 1998) for the proposition that attorney's fees are not available in a mixed-motive case:

> Under Title VII, an employer may still be liable for certain costs if the jury finds that an impermissible factor was a motivating factor but also finds that defendant has proved the affirmative defense. *See* 42 U.S.C. § 2000e–5(g)(2)(B). The ADEA does not provide for an award of costs or damages in that situation.

Defendants counter that had Congress intended for ADEA plaintiffs to recover attorney's fees in mixed motive cases, it would have amended that statute as well.

The ADEA and Title VII share a common goal of ending discrimination in the workplace. Given this laudable aim, it does appear incongruous to allow Title VII plaintiffs to recover attorney's fees in mixed-motive cases, but not allow ADEA plaintiffs recovery under similar circumstances. Nonetheless, the court finds defendants' reasoning more persuasive: if there is to be an opportunity to award attorney's fees in mixed-motive ADEA cases, it requires statutory fiat. In other words, even if recovery of attorney's fees in mixed-motive ADEA cases seems reasonable, this court cannot create such a precedent when what truly is required is congressional action. Plaintiff's motion for attorney's fees and costs must be denied.

## CONCLUSION

Wherefore, based upon the foregoing, the court **DENIES** plaintiff's motion to set aside the verdict with respect to his age discrimination claims; **DENIES** defendants' motion for judgment as a matter of law; **DENIES** plaintiff's motion to award him costs and attorney's fees; and **GRANTS** plaintiff's motion for prejudgment interest on his $40,000 breach of contract award to the sum of $12,614.80.

**IT IS SO ORDERED.**