■ 520 East 81st Street Associates, Respondent, v Lenox Hill Hospital, Appellant, et al., Defendants. [714 NYS2d 281] —Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered December 20, 1999, which, pursuant to a stipulation "so-ordered" by Special Referee Julius Birnbaum, awarded plaintiff the total sum of $1,619,331 upon its fifth cause of action, unanimously affirmed, without costs.

The IAS Court properly signed plaintiff's proposed judgment since the parties specifically agreed by stipulation, dated October 26, 1999, that plaintiff would settle an order and judgment before Justice DeGrasse, providing for a money judgment on its fifth cause of action in the amount of $1.6 million, and, accordingly, neither party was required to move to confirm the Special Referee's Report that "so-ordered" that agreement on November 4, 1999. The legal claim specifically reserved by defendant Lenox Hill in the parties' stipulation, that Lenox Hill was not liable for use and occupancy for the period extending

from September 1, 1993 until the Court of Appeals' determination in *Manocherian v Lenox Hill Hosp.* (84 NY2d 385, *cert denied* 514 US 1109) in October 1994, was properly rejected by the IAS Court based upon the prior resolution of the identical issue against Lenox Hill in *Rose Assocs. v Lenox Hill Hosp.* (262 AD2d 68 [1st Dept 1999], *lv dismissed in part and denied in part* 94 NY2d 836 [1999]). Here, as in *Rose Assocs.*, Lenox Hill accepted its status as a holdover tenant and plaintiff is therefore entitled to compensation for use and occupancy for the entire holdover period (*id.*). Plaintiff's right to recover use and occupancy for the entire holdover period is not diminished by the pendency of its claim against the State of New York for an unconstitutional taking of its property. The mere pendency of plaintiff's takings claim affords no basis to suppose that the award of use and occupancy will result in a double recovery by plaintiff. Defendant's remaining contentions, that plaintiff fraudulently concealed the fact that it had already received $250,000 from Lenox Hill and that the IAS Court abused its discretion in denying Lenox Hill a stay, are not reviewable upon this appeal, and in any event, lack merit. Concur—Sullivan, P. J., Nardelli, Rubin and Friedman, JJ.