■ SANDRA L. ZIMMERMAN et al., Respondents-Appellants, v STEVEN L. TARSHIS et al., Defendants, and MICHAEL E. RADER, Appellant-Respondent. [751 NYS2d 418] —In an action, inter alia, to recover damages for breach of contract and conversion, (1) the defendant Michael E. Rader appeals from so much of (a) an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 23, 2001, as granted that branch of the plaintiffs' motion which was for summary judgment on their causes of action to recover damages for breach of contract and conversion, including prejudgment interest, and (b) a judgment of the same court, dated March 7, 2002, as, upon the order, is in favor of the plaintiffs and against him in the sum of $35,000, and (2) the plaintiffs appeal, on the ground of inadequacy, from an order of the same court, dated January 8, 2002, which awarded them prejudgment interest in the sum of only $35,000 for the period of January 1, 1997, through June 30, 2001, and cross-appeal, on the ground of inadequacy, from so much of the judgment as, upon the orders, is in their favor in the sum of only $35,000.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding prejudgment interest in the amount of $35,000 for the period of January 1, 1997, through June 30, 2001, and substituting therefor a provision awarding prejudgment interest at the rate of 9% per annum for the same period; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Rockland County, for a recomputation of prejudgment interest in accordance herewith; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the defendant Michael E. Rader.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the contention of the defendant Michael E. Rader, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on their causes of action to recover damages for breach of contract and conversion, as the plaintiffs met their burden of establishing their entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). In opposition to the plaintiffs' motion, Rader failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557).

We agree with the plaintiffs' contention that the Supreme Court erred in awarding them only $35,000 in prejudgment interest for the period of January 1, 1997, through June 30, 2001. Since this is an action to recover damages for breach of performance of a contract and interference with possession of funds in an amount certain, the plaintiffs are entitled to prejudgment interest at the statutory rate of 9% per annum (*see* CPLR 5001 [a], 5004; *Owen v Lloyd,* 234 AD2d 679; *Matzan v Eastman Kodak Co.,* 134 AD2d 863).

Rader's remaining contentions are without merit. Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.