KOYLUM, INC., Plaintiff,

v.

**PEKSEN REALTY CORP., f/k/a Route 25 Calverton Realty Corp., Successor by merger to Ridge Petroleum Realty Corp., and 1677 Ridge Road Realty Corp., Defendants,**

and

**Adnan Kiriscioglu and Erol Bayraktar, Additional Party Defendants.**

No. 99 CV 3793(ADS).

United States District Court, E.D. New York.

Feb. 19, 2005.

Kenneth L. Robinson, Esq., Syosset, NY., for the Plaintiff and the Additional Party Defendants.

Law Offices of Robert G. Del Gadio by Robert G. Delgadio, Esq., East Meadow, NY, for the Defendant 1677 Ridge Road Realty Corp.

Edward A. Christensen, Esq., Oyster Bay, NY, for the Defendant Peksen Realty Corp.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In the present dispute the Court must decide whether to apply New York or Federal law in determining whether the defendant is entitled to prejudgment interest on an award of damages. It is assumed that the parties are familiar with the factual background of this case, as set forth in the Court's three prior decisions dated September 30, 2002, March 17, 2004, and December 2, 2004. For the purpose of clarity, a brief factual background will be repeated in relevant part.

### BACKGROUND

This action was commenced on July 7, 1999, pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331, for alleged violations of the Petroleum Marketing Practices Act ("PMPA"). 15 U.S.C.

§ 2801 et. seq. The plaintiff Koylum, Inc., and the additional party defendants Adnan Kiriscioglu and Erol Bayraktar (collectively, the "Tenants") leased a gas station from the defendants Peksen Realty Corp., and its successor in interest 1677 Ridge Realty Corp., ("Landlord"), pursuant to two agreements: (1) the Lease under which Koylum's assignor leased the Premises from the predecessor in interest of the defendant Peksen Realty Corp.; and (2) a Supply Agreement that fixed the terms under which the operator of the gas station would purchase its gasoline supplies.

In October of 1998, the Landlord initiated dispossess proceedings in the Suffolk County District Court to evict the Tenants from the Premises as a holdover tenant for alleged violations of the Supply Agreement. On July 7, 1999, the Tenants filed this suit under the PMPA, seeking, among other things, the right of first refusal to purchase the premises. On September 30, 2002, following a bench trial, the Court issued a Memorandum of Decision and Order finding that the Landlord did not violate the PMPA. The Court also found that the Tenants materially breached the Supply Agreement and the Lease and that the Landlord had the right to terminate the lease. As a result, the Court found that the Tenant was a holdover tenant from October 8, 1998 until they vacated the premises on October 31, 2002.

On December 2, 2004, the Court granted the Landlord's motion for summary judgment to enforce the liquidated damages clause contained in the Lease. The liquidated damages clause stated that, if a tenant remained in possession after the expiration date, the annual rate of minimum rent and additional rent shall be two times the annual rates which are in effect during the month proceeding the expiration date. Damages resulting from the holdover for the period between October 8, 1998 and October 31, 2002 total $270,397 in additional rent.

On December 8, 2004, the Landlord submitted a proposed judgment in the amount of $457,753.47 representing the sum of $270,397.00 for additional rent, $68,361 for the period of 180 days after Koylum vacated the premises, $116,530.47 in prejudgment interest calculated under New York State law, and $2,765.00 in previously awarded costs. On January 10, 2005, the Tenants objected to the proposed judgment, arguing that: (1) prejudgment interest should be determined under Federal law; (2) the individual additional party defendants should not be held liable under the judgment; and (3) the Landlord is not entitled to compensation for 180 days after the Tenants vacated the premises.

### DISCUSSION

 It is well-settled that the applicability of state law depends on the nature of the issue before the court and not on the basis of the court's jurisdiction. *Mallis v. Bankers Trust Co.,* 717 F.2d 683, 692 n. 13 (2d Cir.1983); *Maternally Yours v. Your Maternity Shop, Inc.,* 234 F.2d 538, 540 n. 1 (2d Cir.1956); *Epstein v. Kalvin–Miller Int'l, Inc.,* 139 F.Supp.2d 469, 486 (S.D.N.Y.2001). State law is applicable to questions of prejudgment interest on claims arising out of state law even in an action predicated upon violations of the federal laws. *Strobl v. New York Mercantile Exchange,* 590 F.Supp. 875 (S.D.N.Y. 1984) (determining prejudgment interest on Federal claims under Federal law and prejudgment interest on common law fraud claim under New York Law); *Marx & Co. v. Diners' Club, Inc.,* 405 F.Supp. 1, 3 (S.D.N.Y.), *aff'd in relevant part,* 550 F.2d 505 (2d Cir.1977); *see also Hydro Investors, Inc. v. Trafalgar Power, Inc.,* 227 F.3d 8, 22 (2d Cir.2000). As such, it follows that a successful counterclaim for

breach of contract based on state law is governed by state law for purposes of determining prejudgment interest. *Nu–Life Constr. Corp. v. Board of Educ.*, 789 F.Supp. 103, 106 (E.D.N.Y.1992). In a similar case, this Court held that a successful counterclaim for breach of contract brought in an action under the Racketeer Influenced and corrupt Organizations statute was properly decided under state law. *Nu–Life*, 789 F.Supp. at 106.

Indeed, both parties rely on *Nu–Life* in arguing their cause for different reasons. The Tenants assume that the Landlord's counterclaim was a Federal claim in which the Court would have discretion on whether to award pre-judgment interest. *See Wickham Contracting Co. v. Local Union No. 3, Int'l Brotherhood of Electrical Workers*, 955 F.2d 831, 834 (2d Cir.1992) (analyzing a discretionary award of pre-judgment interest under Federal law). However, in this case the Landlord's counterclaim for breach of contract was a pendent state claim governed by state law. In fact, before this action was commenced by the Tenant under a federal statute, the Landlord filed several petitions in state court to oust the Tenant as a holdover tenant. In the decision following the bench trial, this Court stated that "the court finds that the plaintiff Koylum breached both the Supply Agreement and the Lease, in a material matter." This conclusion was wholly based on state law and not the PMPA. Further, this Court decided whether the liquidated damages clause in the lease should be enforced by applying New York law.

In addition, applying state law to the Landlord's counterclaim is supported by the relevant case law regarding the PMPA. The parties have not cited, nor can the Court find, one case brought under the PMPA in which a defendant prevailed on a counterclaim and the court applied Federal law governing prejudgment interest. *See*

*Hannon v. Exxon*, 54 F.Supp.2d 485 (D.Md.1999); *A.W. Anderson v. Chevron*, 933 F.Supp. 52, (D.D.C.1996).

Under New York law, pre-judgment interest is recoverable as a matter of right "upon a sum awarded because of ... an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property...." N.Y. C.P.L.R. § 5001(a) (Consol.2004); *Hydro Investors, Inc.*, 227 F.3d at 22; *Zimmerman v. Tarshis*, 300 A.D.2d 477, 478, 751 N.Y.S.2d 418, 419 (2d Dep't 2002); *Craig Test Boring Co., Inc. v. Saudi Arabian Airlines Corp.*, 138 F.Supp.2d 553 (S.D.N.Y.2001). The applicable interest rate under N.Y. C.P.L.R. 5004 is nine per cent per annum calculated on a simple interest basis. *Rodriguez v. New York City Hous. Auth.*, 91 N.Y.2d 76, 79, 666 N.Y.S.2d 1009, 689 N.E.2d 903, 905 (1997); *see, e.g., Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir.1998); *Epstein v. Kalvin–Miller Int'l, Inc.*, 139 F.Supp.2d 469, 486 (S.D.N.Y. 2001); *Donovan v. Dairy Farmers of America, Inc.*, 53 F.Supp.2d 194, 197 (N.D.N.Y.1999); *Rose Associates v. Lenox Hill Hospital*, 262 A.D.2d 68, 695 N.Y.S.2d 1 (1st Dep't 1999).

Generally, interest must be computed from "the earliest ascertainable date the cause of action existed...." N.Y. C.P.L.R. § 5001(b); *Stanford Square v. Nomura Asset Capital Corp.*, 232 F.Supp.2d 289, 292 (S.D.N.Y.2002). However, when damages were incurred at various times, courts have wide discretion in choosing a reasonable date. *See Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 512 (2d Cir.1994); *Panix Prods. v. Lewis*, No. 01–2709, 2003 WL 21659370, at *2, 2003 U.S. Dist. LEXIS 11952, at *7–8 (S.D.N.Y. 2003); *see also Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir.1998) (citing *155 Henry Owners Corp. v. Lovlyn Realty Co.*, 231 A.D.2d 559, 647 N.Y.S.2d 30, 32

(2d Dep't 1996)); *Shamis v. Ambassador Factors Corp.*, No. 95–9818, 2001 WL 25720, at \*5–7, 2001 U.S. Dist. LEXIS 172, at \*18–19 (S.D.N.Y.2001).

■ The damages in this case were incurred at various times, namely, at monthly intervals when the rent was due under the Lease. The Court finds that October 18, 2000, the median date between the beginning of the holdover period, October 6, 1998, and the date that the Tenants vacated the premises, October 31, 2002, is a reasonable intermediate date from which to calculate the prejudgment interest for damages from the state law claim. *See, e.g., Panix Prods.*, 2003 WL 21659370, at \*2–3, 2003 U.S. Dist. LEXIS 11952, at \*8–9 (S.D.N.Y.2003) ("Choosing a median date between the two poles represented by the earliest breach of contract and the date this action was filed."); *Decor by Nikkei Int'l, Inc. v. Federal Republic of Nigeria,* 497 F.Supp. 893, 912 (S.D.N.Y.1980) (awarding prejudgment interest on damages under § 5001 from the median date of a twelve-month period for breach of contract); *Trans. Displays Inc. v. Winston,* 870 F.Supp. 74, 78 n. 6 (S.D.N.Y.1994) (determining July 15 to be a reasonable intermediate date when plaintiff had received funds throughout the month). Therefore, the Court will calculate prejudgment interest starting from October 18, 2000 until November 30, 2004, which is the date of the Court's order.

■ As to the Plaintiffs' argument that the additional party defendants should not be held liable under the judgment, the Court's previous Memorandum of Decision and Order dated November 30, 2004, grants the Defendants' motion for summary judgment against Adnan Kiriscioglu and Erol Bayraktar. The Court's prior Memorandum of Decision of Order, dated July 9, 2003, held that joinder of these additional party defendants was proper due to the fact that they are the sole

officers, directors, and shareholders of Koylum, Inc., and executed personal guarantees of the Lease. Therefore, holding Adnan Kiriscioglu and Erol Bayraktar personally liable for the judgment against the Plaintiff is proper.

As to the Landlord's claim that the Tenants owe an additional sum of $68,361.00 for the period of 180 days after the Tenants vacated the premises, the Court cannot determine on what basis the Landlord makes such a claim. The Court's Order of November 30, 2004, granted summary judgment to enforce the liquidated damages clause which stated that if a tenant remains in possession after the expiration date:

> the annual rate of Minimum Rent and Additional Rent shall be two (2) times the annual rates of Minimum Rent and Additional Rent which are in effect during the month proceeding the Expiration Date which Landlord and Tenant acknowledge is the fair value of the use and occupancy of the Demised Premises during such period.

The Court only awarded damages as specified in the liquidated damages clause set forth above, which does not contain a provision for an additional sum of $68,361.00 for the period of 180 days after the Tenants vacated the premises. Accordingly, the request for this additional amount is denied.

## CONCLUSION

The Court will now calculate the amount of money judgment to be awarded to the defendant 1677 Ridge Realty Corp. against Adnan Kiriscioglu, Erol Bayraktar. and Koylum, Inc.:

| | |
|---|---|
| Amount of damages | $270,397.00 |
| Number of days from Oct. 18, 2000 to Nov. 30, 2004 | 1504 days |
| 9% per annum simple interest | $100,276.54 |
| Sum of damages and interest | $370,673.54 |
| Previously Awarded Costs | $ 2,765.00 |
| **Total award** | $373,438.54 |

Based on the foregoing, it is hereby

**ORDERED**, that the Defendants' request for reasonable attorney and expert witness fees is denied; and it is further

**ORDERED**, that the complaint is dismissed with costs; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter a money judgment in favor of the defendant 1677 Ridge Road Realty Corp., in the sum of $373,438.54 jointly and severally against Koylum, Inc., Adnan Kiriscioglu, and Erol Bayraktar, representing the additional rent, prejudgment interest at nine percent per annum, and previously awarded costs; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**