(October 21, 2008)

■ AMERICAN PACKAGE COMPANY, INC., Appellant-Respondent, v ROBERT KOCIK et al., Respondents-Appellants. [866 NYS2d 284]—

In an action for ejectment, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Lewis, J.), dated August 3, 2006, as upon granting renewal of the branch of its motion which was for summary judgment dismissing the defendants' counterclaims, and upon a decision of the same court dated June 6, 2006, failed to dismiss the counterclaims, and denied as academic that branch of its motion which was for an award of the value of use and occupancy arrears, and the defendants cross-appeal, as limited by their brief, from so much of the same order and judgment as granted the plaintiff's separate motion to confirm the report of a Judicial Hearing Officer (Lodato, J.H.O.), dated November 16,

2004, recommending that the plaintiff be awarded the value of use and occupancy.

Ordered that the order and judgment is modified, on the law, (1) by adding to the second decretal paragraph thereof, after the phrase "all affirmative defenses," the phrase "and counterclaims," and (2) deleting the provision thereof granting the plaintiff's separate motion to confirm the report of the Judicial Hearing Officer dated November 16, 2004, and substituting therefor a provision denying that motion; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In its memorandum decision dated June 6, 2006, the Supreme Court correctly held that the defendants were not entitled to the protection of various rent stabilization laws and properly determined that the plaintiff was entitled to summary judgment on the complaint, as well as summary judgment dismissing all affirmative defenses and counterclaims (see Caldwell v American Package Co., Inc., 57 AD3d 15 [2008] [decided herewith]). However, the dismissal of the counterclaims was omitted from the order and judgment. "Where there is an inconsistency between a judgment and the decision upon which it is based, the decision controls (Green v Morris, 156 AD2d 331; Di Prospero v Ford Motor Co., 105 AD2d 479). Further, such an inconsistency maybe corrected either by way of a motion for resettlement or on appeal (CPLR 2221, 5019 [a]; Green v Morris, supra; Young v Casabonne Bros., 145 AD2d 244)" (Verdrager v Verdrager, 230 AD2d 786, 787-788 [1996]; see Matter of Luposello, 225 AD2d 551, 553 [1996]).

Contrary to the determination of the Supreme Court, that branch of the plaintiff's motion which was to recover the value of use and occupancy was not rendered academic by the defendants' surrender of the subject premises. A party that has requested an award of the value of use and occupancy is entitled to such an award for the entire holdover period, i.e., from the expiration of the last lease through the time the apartment was finally vacated (see Levinson v 390 W. End Assoc., L.L.C., 22 AD3d 397, 403 [2005]; 501 E. 87th St. Realty Co. v Ole Pa Enters., 304 AD2d 310, 311 [2003]; 520 E. 81st St. Assoc. v Lenox Hill Hosp., 276 AD2d 395, 395-396 [2000]; Rose Assoc. v Lenox Hill Hosp., 262 AD2d 68 [1999]). Thus, if the plaintiff was entitled to the value of the use and occupancy of the premises, it would be entitled to such relief for the entire period from the expiration of the defendants' leases until the dates on which they vacated the premises. Nevertheless, in the absence of a certificate of occupancy permitting residential use of the

premises, the plaintiff may not recover rent or the value of the use and occupancy of the premises from the residential tenants (*see Caldwell v American Package Co., Inc.*, 57 AD3d 15 [2008] [decided herewith]).

The parties' remaining contentions are without merit. Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur.