■ SOPHIE FORRESTER et al., Respondents-Appellants, v AMERICAN PACKAGE COMPANY, INC., Appellant-Respondent. [869 NYS2d 547]—

In an action, inter alia, for a judgment declaring that the apartment occupied by the plaintiffs is subject to the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4, as amended by L 2003, ch 70-73, 82; McKinney's Uncons Laws of NY § 8621 *et seq.*), the Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-501 *et seq.*, and the Rent Stabilization Code (9 NYCRR) § 2520.1-2531.9, and that the defendant is not entitled to an award of rent or the value of use and occupancy so long as the certificates of occupancy for the premises in which the apartment is situated are not for residential use, the defendant appeals from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated August 3, 2006, as, upon a decision of the same court dated June 6, 2006, denied that branch of its cross motion which was for an award of an attorney's fee and denied its separate motion pursuant to Real Property Law § 220 and RPAPL 749 (3) for an award of the

value of use and occupancy of the apartment pendente lite, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the defendant's cross motion which was, in effect, for summary judgment declaring that it is entitled to an award of rent or the value of use and occupancy for the duration of the plaintiffs' residence in the apartment and denied the defendant's separate motion pursuant to Real Property Law § 220 and RPAPL 749 (3) for an award of the value of use and occupancy pendente lite.

Ordered that the cross appeal from so much of the order as denied the defendant's separate motion pursuant to Real Property Law § 220 and RPAPL 749 (3) for an award of the value of use and occupancy pendente lite is dismissed, as the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant's cross motion which was, in effect, for summary judgment declaring that it is entitled to an award of rent or the value of use and occupancy and substituting therefor a provision denying that branch of the cross motion, and (2) by adding a provision thereto searching the record and awarding summary judgment to the plaintiffs declaring that the defendant is not entitled to an award of rent or the value of use and occupancy; as so modified, the order is affirmed insofar as appealed from and insofar as reviewed on the cross appeal, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not entitled to an award of rent or the value of use and occupancy; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Although the defendant's claim for rent or the value of the use and occupancy of the subject premises has not been rendered academic by the plaintiffs' surrender of the premises (see American Package Co., Inc. v Kocik, 55 AD3d 762 [2008] [decided herewith]), the Supreme Court correctly denied the defendant's request for a pendente lite award because there is no certificate of occupancy permitting residential use of the premises (see Caldwell v American Package Co., Inc., 57 AD3d 15 [2008] [decided herewith]). For the same reason, the Supreme Court erred in granting that branch of the defendant's cross motion which was, in effect, for summary judgment declaring that it is entitled to rent or the value of use and occupancy for the duration of the plaintiffs' residence at the premises. The Supreme Court should have searched the record and awarded summary judgment to the plaintiffs

declaring that the defendant is not so entitled. Finally, the defendant's contention that it is entitled to an attorney's fee is without merit, since the subject lease does not provide for the recovery of an attorney's fee under the circumstances presented here.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not entitled to rent or the value of use and occupancy (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur. [*See* 12 Misc 3d 1166(A), 2006 NY Slip Op 51079(U).]