■ BARRY A. BAER, M.D., P.C., Plaintiff, and ANDREW P. DUFFY, M.D., P.C., Respondent, v ANESTHESIA ASSOCIATES OF MOUNT KISCO, LLP, Appellant. [870 NYS2d 92]—

The Supreme Court improperly precluded the introduction into evidence of a certain document turned over to the defendant's attorneys during discovery, since the evidence in the record did not establish that the document was covered by an attorney-client privilege. Although the document purportedly was faxed by Northern Westchester Hospital Association (hereinafter the Hospital) to its attorney, no evidence was submitted to establish that the document was in fact faxed to the attorney, and the Hospital's representative could not recall when he disclosed the document to the plaintiff Andrew P. Duffy, M.D., P.C. (hereinafter Dr. Duffy), thereby waiving any confidentiality privilege (*see New York Times Newspaper Div. of N.Y. Times Co. v Lehrer McGovern Bovis,* 300 AD2d 169, 172 [2002]).

Although the document was improperly excluded from admission into evidence, the error does not require reversal. Dr. Duffy and the Hospital's representative, by their own admissions, provided uncontroverted evidence of most of the items referred to in the document. Furthermore, the defendant's claim that the reference in the document to formation of a "vanilla group" to replace the defendant was evidence of racial or ethnic

discrimination is pure speculation. Moreover, a cause of action alleging racial discrimination was not asserted in Anesthesia Associates of Mount Kisco, LLP's counterclaims. In any event, since the defendant prevailed on its counterclaims and its demand for damages, admission of the document in evidence or further inquiry as to its contents could not have affected the verdict (*see Shapiro v Ultrasonic Corp. of Am.*, 104 AD2d 363 [1984]).

Contrary to the defendant's contention, as this is an action to recover damages for breach of contract, the Supreme Court properly awarded the plaintiff prejudgment interest at the statutory rate of 9% per annum (*see* CPLR 5001 [a]; 5004; *Astrada v Archer*, 51 AD3d 954, 955 [2008]; *Zimmerman v Tarshis*, 300 AD2d 477, 478 [2002]). Such interest, however, "shall be computed from the earliest ascertainable date the cause of action existed . . . [or] a single reasonable intermediate date" (CPLR 5001 [b]). The $83,148 awarded to the plaintiff was based on a buyout schedule payable in installments from on or about October 1, 2003 through January 1, 2006. Under the circumstances, it is appropriate to compute interest based upon a reasonable intermediate date of November 15, 2004 (*see 155 Henry Owners Corp. v Lovlyn Realty Co.*, 231 AD2d 559 [1996]). Since the per diem interest on the award of $83,148 is $20.50, interest in the amount of $17,589 should have been awarded from November 15, 2004 until March 23, 2007.

We agree with the defendant's contention that the Supreme Court miscalculated per diem interest to which the defendant was entitled on its award of $250,000 subsequent to March 23, 2007, as $58.66 rather than $61.64 (*see* CPLR 5004).

The defendant's remaining contentions are without merit. Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.