JOSEPHSON v. GINSBURG REALTY CO. et al. (No. 7590.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. MORTGAGES ⟨⫯⟩301—PAYMENT—TENDER.

A tender of the principal and interest of a mortgage debt before foreclosure, though after the day appointed for payment, discharges the lien of the mortgage, though the debt remains; but to discharge the lien the tender must be made by the owner of the mortgaged property, or some one acting for him, since the right to redeem is inseparable from the ownership of the property.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 876–881, 885, 887, 888; Dec. Dig. ⟨⫯⟩301.]

⟨⫯⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. MORTGAGES ⬳319—ACTION TO FORECLOSE—SUFFICIENCY OF EVIDENCE—TENDER.

> In an action to foreclose a mortgage, evidence *held* insufficient to sustain the burden of showing that certain tenders were made by the mortgagor and that the lien of the mortgage was thereby discharged.
>
> [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 855–863, 875, 913, 1356, 1366; Dec. Dig. ⬳319.]

Appeal from Trial Term, New York County.

Action to foreclose a mortgage by Sigmund Josephson and another against the Ginsburg Realty Company, impleaded with others. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and judgment directed for plaintiffs.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Henry G. K. Heath, of New York City, for appellants.

Louis B. Boudin, of New York City, for respondent.

SCOTT, J. The only defense to this action, and the one upon which defendants prevailed, is that the lien of the mortgage was destroyed by a tender of the amount due, which was refused. Plaintiff proved the mortgage and the amount due thereon, and it was conceded by defendants that there was no other defense than that of a tender.

The amount of the mortgage was $1,000, with interest at 6 per cent. It fell due on May 2, 1914, and plaintiffs wished their money, which the mortgagor, the Ginsburg Realty Company, was unable to pay. It found a person named Rosen who was willing to take an assignment of the mortgage. Rosen was represented by an attorney named Liebman, by whom the alleged tender, or tenders, for he testifies to two of them, were made. Liebman at first negotiated with plaintiff's attorney as to the execution of the assignment, but, owing to a rather petty dispute over the payment of a small sum for a search, the two attorneys quarreled.

The answer sets up two distinct tenders of the amount due, with interest, one on October 24, 1914, and the other on October 26, 1914. The court at Special Term has found that both tenders were sufficiently and validly made, and has concluded therefrom that the lien of the mortgage became satisfied and discharged.

[1] It is familiar law that:

> "A tender of the principal and interest of a mortgage debt, at any time before foreclosure, though after the day appointed for the payment thereof, discharges the lien of the mortgage, but the debt remains." Kortright v. Cady, 21 N. Y. 343, 78 Am. Dec. 145.

To have this effect, however, it must be made by the owner of the mortgaged property, or some one acting by his authority or in his interest, for, as it has often been said, the right to redeem is inseparable from the ownership of the property. Thomas on Mortgages (3d Ed.) § 433; Frost v. Yonkers Savings Bank, 70 N. Y. 553, 26 Am. Rep. 627; Day v. Strong, 29 Hun, 505; Johnston v. Gray, 16 Serg. & R. (Pa.) 361, 16 Am. Dec. 577. A stranger to the title, a mere volunteer,

---

has no right to redeem, and consequently is incapable of making a tender which will destroy the lien of the mortgage.

[2] Both of the tenders in the present case were made by a Mr. Liebman, who appeared in the transaction as the attorney and representative of Rosen, who had no interest in the matter, except that he had agreed to take an assignment of the mortgage. This certainly gave Rosen no standing to redeem the property from the mortgage, or to make a tender effectual to destroy the lien of the mortgage. It is very significant that, although Liebman and Ginsburg testified at the trial, neither of them even suggested that when Liebman made the alleged tender he represented and acted for the Ginsburg Realty Company, the owner of the mortgaged property. Indeed as late as October 21st Liebman, as he testifies, expressly disclaimed that he had been retained by or represented the Realty Company, and although he now appears as one of its attorneys he is entirely silent as to when he assumed that relation, and the effect of all the evidence clearly is that when Liebman made the alleged tenders he acted for Rosen alone. To sustain such a defense as that upon which the defendants rely, the burden is upon them to show, not only that a tender was made, but that it was validly made, by a person entitled to make it, which in this case was the Ginsburg Realty Company. In this they have failed, and the findings that certain tenders were made by the mortgagor, the Ginsburg Realty Company, are therefore without evidence to sustain them, and must be reversed.

It follows that the conclusion that by reason of the tenders alleged the lien of the mortgage became satisfied and discharged is also unsupported by the evidence, and is erroneous. As this is concededly the only defense available to the defendant, not only must the judgment appealed from be reversed, but·judgment will be directed for the plaintiffs for the relief demanded in the complaint, with costs in this court and in the court below.

The eleventh, twelfth, and thirteenth findings of fact, and all the conclusions of law, will be reversed, and the finding of law proposed by the plaintiffs will be found as requested; the interest being calculated up to the date of the order to be entered herein, which may be settled on notice. All concur.