■ In the Matter of SYDNA KELLIGREW, Also Known as SYDNA MARCUS KELLIGREW, Deceased. JOHN R. KELLIGREW, Respondent; ALICIA KELLIGREW et al., Appellants. [882 NYS2d 221]—

In a turnover proceeding pursuant to SCPA 2103 to recover the proceeds of a check which allegedly belongs to the decedent's

estate, Alicia Kelligrew, Michael Love, and Coffee Labs Roasters, Inc., appeal from a decree of the Surrogate's Court, Westchester County (Scarpino, S.), dated April 21, 2007, which, after a nonjury trial, is in favor of the petitioner and against them in the principal sum of $195,231.21, plus interest in the sum of $103,168.49, calculated at the statutory rate of 9% per annum from June 7, 2002.

Ordered that the decree is modified, on the law, by deleting from the first decretal paragraph thereof the words "plus interest at the statutory rate of 9% per annum from June 7, 2002 until the date of payment (interest is $103,168.49 as of [the] date of this decree)" and substituting therefor the words "plus interest at the statutory rate of 9% per annum from July 6, 2004, until the date of payment thereof"; as so modified, the decree is affirmed, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Westchester County, for the recalculation of interest in accordance herewith and for the entry thereafter of an appropriate amended decree.

The petitioner, John R. Kelligrew—executor of the estate and the surviving spouse of the decedent Sydna M. Kelligrew, also known as Sydna Marcus Kelligrew—commenced this turnover proceeding against their daughter, Alicia Kelligrew (hereinafter Alicia), her companion, Michael Love, and the specialty café which Alicia and Love opened in 2002 under the business name of Coffee Lab Roasters, Inc. (hereinafter collectively the appellants). The petitioner sought to recover the proceeds of a check drawn in the sum of $195,231.21, which he issued to Alicia on the decedent's behalf on June 7, 2002, to aid Alicia in financing the café. The check was issued six months prior to the decedent's unexpected death on December 4, 2002, and nearly two years before the petitioner commenced this proceeding on July 6, 2004. The appellants asserted in their answer, inter alia, that the decedent gave the funds to Alicia as a completed inter vivos gift.

In a turnover proceeding, the burden of establishing that the property was that of the decedent rests with the petitioner, and once that burden is met, it shifts to the respondent to establish that it was a gift (see Matter of Agrest, 279 AD2d 471, 472 [2001]; Semmler v Naples, 166 AD2d 751, 753 [1990]). Here, the petitioner met his initial burden of establishing that the funds represented by the check had belonged to the decedent. The Surrogate properly found that the appellants failed, in response, to satisfy their burden of demonstrating, by clear and convincing evidence, the donor's intent to make a present transfer of a gift, actual or constructive delivery of a gift to the donee, and

the donee's acceptance of a gift (*see Gruen v Gruen*, 68 NY2d 48, 53 [1986]; *Matter of Szabo*, 10 NY2d 94, 98 [1961]). However, the petitioner was not entitled to recover prejudgment interest from the date the check was issued, absent evidence that, among other things, the decedent demanded repayment of the disputed funds prior to her demise. The petitioner was entitled to statutory interest from the date that he commenced this proceeding since that was "the earliest ascertainable date the cause of action existed" (CPLR 5001 [b]; *cf. De Long Corp. v Morrison-Knudsen Co.*, 14 NY2d 346, 348 [1964]; *Matter of King*, 305 AD2d 683 [2003]).

The appellants' remaining contentions are without merit. Mastro, J.P., Dillon, Dickerson and Leventhal, JJ., concur.