NICHOLAS ROMANOFF, Appellant, v SHERYL ROMANOFF et al., Respondents, et al., Defendants. [51 NYS3d 36]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered September 29, 2014, which granted the motion by defendants 55 Gans Judgment LLC (Gans Judgment), 55 Gans Lender LLC (Gans Lender), Griffon Gansevoort Holdings LLC's (Griffon, together with Gans Judgment and Gans Lender, the Gans defendants) to dismiss the fourth cause of action for rescission, unanimously affirmed. Orders, same court and Justice, entered February 5, 2015, which, insofar as appealed from as limited by the briefs, (a) granted defendant Michael Zimmerman's motion to dismiss the complaint, (b) granted so

much of the motion by defendants Gerald Romanoff* (Gerald), Sheryl Romanoff (Sheryl), New Roads Realty Corp. (New Roads), and GHC NY Corp.'s (GHC) to dismiss the complaint as sought dismissal of the complaint as against Sheryl, those portions of the first cause of action that seek recovery for wrongs that occurred before February 7, 2011, those portions of the third cause of action that seek recovery against Gerald in relation to GHC and for transactions preceding January 4, 2009, and the fourth, fifth, and sixth causes of action; and (c) denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered October 22, 2015, which, to the extent appealed from as limited by the briefs, granted the Gans defendants' motion for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.

In this derivative action, plaintiff Nicholas Romanoff, a 1% shareholder in New Roads, which entity, through a wholly owned subsidiary, GHC, owns a five-story commercial building in Manhattan, seeks damages and to set aside a conveyance of real property based upon, inter alia, alleged breaches of fiduciary duty by his now deceased grandfather, Gerald Romanoff, whose action were allegedly aided and abetted by the other defendants.

The court properly applied the doctrine of in pari delicto to dismiss the fourth cause of action for rescission and second cause of action for aiding and abetting, and to deny leave to amend the second cause of action. "The doctrine of in pari delicto mandates that the courts will not intercede to resolve a dispute between two wrongdoers" (*Kirschner v KPMG LLP*, 15 NY3d 446, 464 [2010]). Under the doctrine, which operates under agency principles, "the acts of a corporation's authorized agents, such as its officers, are imputed to the corporation 'even if [the] particular acts were unauthorized' " (*New Greenwich Litig. Trustee, LLC v Citco Fund Servs. [Europe] B.V.*, 145 AD3d 16, 23 [1st Dept 2016], quoting *Kirschner*, 15 NY3d at 465). The doctrine "requires immoral or unconscionable conduct that makes the wrongdoing of the party against which it is asserted at least equal to that of the party asserting it" (*Chemical Bank v Stahl*, 237 AD2d 231, 232 [1st Dept 1997] [citation omitted]).

Absent the application of an exception to the in pari delicto rule, Gerald's conduct, as an officer and director of GHC and New Roads, is imputed to the corporations. While the other de-

---

* Sheryl Romanoff, as executor of the estate of Gerald Romanoff, deceased, has been substituted as defendant in place of defendant Gerald Romanoff.

fendants are alleged to have aided and abetted Gerald's conduct, those defendants' culpability is at most equal to that of Gerald. The "adverse interest" exception does not apply as Gerald, by the complained of conduct, did not *"totally abandon[ ] his principal's interests"* or act "entirely for his own or another's purposes" (*Kirschner*, 15 NY3d at 466 [emphasis in original]; *see also Concord Capital Mgt., LLC v Bank of America., N.A.*, 102 AD3d 406 [1st Dept 2013], *lv denied* 21 NY3d 851 [2013]). Plaintiff's contention that "GHC received absolutely no benefit from this arrangement" is belied by the settlement agreement at issue, which resolved a foreclosure action, releasing $9 million in debt that was incurred by GHC, resolved a judgment of over $16 million entered against GHC as guarantor, and provided GHC with a $245,000 payment.

The remedy of rescission is unavailable because money damages are available and will make plaintiff whole (*Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972]; *Lichtyger v Franchard Corp.*, 18 NY2d 528, 537 [1966]). Any right to redeem the mortgaged property was extinguished upon conveyance of the property to a subsequent grantee, which terminated the grantor's interest in the premises (*see Josephson v Ginsburg Realty Co.*, 169 App Div 189, 190-191 [1st Dept 1915], *affd* 222 NY 609 [1918]; *Bancplus. Mtge. Corp. v Galloway*, 203 AD2d 222, 223 [2d Dept 1994]).

The court properly dismissed so much of plaintiff's breach of fiduciary duty claim as was premised on acts and/or omissions occurring prior to February 7, 2011, as time-barred. Where, as here, the remedy sought is purely or primarily monetary, a breach of fiduciary duty claim is governed by a three-year statute of limitations (*see* CPLR 214 [4]; *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]; *Carlingford Ctr. Point Assoc. v MR Realty Assoc.*, 4 AD3d 179, 179-180 [1st Dept 2004]). Incidental allegations of fraud do not extend the statute (*see Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 120 [1st Dept 1985], *affd* 67 NY2d 981 [1986]).

Plaintiff's failure to allege that he demanded an accounting and that Gerald refused to comply with the request warranted dismissal of the claim for an accounting from GHC (*see Unitel Telecard Distrib. Corp. v Nunez*, 90 AD3d 568, 569 [1st Dept 2011]; *Adam v Cutner & Rathkopf*, 238 AD2d 234, 241 [1st Dept 1997]).

Plaintiff is collaterally estopped from asserting a proposed cause of action under Business Corporation Law § 909 and Delaware General Corporation Law (Del Code Ann tit 8) § 271, as the issue of plaintiff's standing to bring individual claims as

a shareholder was necessarily decided in a prior proceeding (*see generally D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). Moreover, the proposed claim is without merit (*see* CPLR 3025 [b]; *MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499 [1st Dept 2010]). Actions brought pursuant to Business Corporation Law § 909 must be commenced within one year of the challenged conveyance (*see* Business Corporation Law § 909 [c]). The Delaware General Corporation Law § 271 claim fails as the conveyance was made pursuant to the written consent of the holders of 99% of the shares, satisfying the "consents in writing" requirement of Delaware General Corporation Law § 228 (a) (*see Klotz v Warner Communications, Inc.*, 674 A2d 878, 881 [Del 1995]).

Finally, the viability of plaintiff's trust-based claims was determined in a 2011 action brought by his father, Robert Romanoff, and plaintiff is collaterally estopped from raising them here. Privity between plaintiff and his father exists based upon their familial relationship and the nature of their statuses as contingent beneficiary and beneficiary, respectively, and is evidenced by the father's initial commencement of this action as his then minor son's parent and natural guardian (*see e.g. Matter of Bethea v Scoppetta*, 275 AD2d 651, 651-652 [1st Dept 2000]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Richter, J.P., Mazzarelli, Kahn and Gesmer, JJ.