Kachkovskiy v Khlebopros (2018 NY Slip Op 05671)





Kachkovskiy v Khlebopros


2018 NY Slip Op 05671


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-03183
2016-03185
 (Index No. 21129/09)

[*1]Victor Kachkovskiy, appellant, 
v
Aleksandr Khlebopros, respondent.


Spolzino, Smith, Buss & Jacobs, LLP, Yonkers, NY (Robert A. Spolzino of counsel), for appellant.
Cherny & Podolsky, PLLC, Brooklyn, NY (Steven V. Podolsky and Mari Milorava-Kelman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 16, 2015, and (2) an amended judgment of the same court entered February 17, 2016. The order granted the defendant's posttrial motion, inter alia, for entry of the proposed judgment submitted by him and denied the plaintiff's posttrial cross motion for entry of the counter-proposed judgment submitted by him. The amended judgment, insofar as appealed from, upon the order, dismissed so much of the complaint as sought the return of certain corporate shares, failed to award the plaintiff an attorney's fee, failed to award the plaintiff prejudgment interest, and awarded the defendant costs and disbursements in the sum of $1,045.59.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the amended judgment is modified, on the law, by deleting the provision thereof awarding the defendant costs and disbursements in the sum of $1,045.59; as so modified, the amended judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the defendant's posttrial motion which was for an award for costs and disbursements in the sum of $1,045.59 is denied, and the order is modified accordingly.
The appeal from the order dated December 16, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501[a][1]).
On February 5, 2007, the plaintiff sold his shares of stock in three corporations, Za Zaborom, Inc., doing business as Mermaid Spa, Seagate Banya Corp., and Seagate Mini Mall, Inc. (hereinafter collectively the Corporations), to the defendant for $400,000. To effectuate this [*2]transaction, the parties entered into three agreements of sale, one for each of the Corporations. The purchase price was paid at closing in the form of three promissory notes. The parties also executed three stock pledge agreements and three security agreements. The promissory notes, when read together, provided that the defendant was obligated to pay the plaintiff the total sum of $400,000 in 71 equal monthly installments of $5,555.54 and one payment of $5,556.66 "commencing on the first day of the month immediately following the twelfth month when the Corporation[s] close[ ] on the loan referenced in the Agreement[s] of Sale, and continuing on the first day of each month thereafter, until the date after 72 consecutive payments as listed above, on which date all outstanding principal shall be due and payable." The loan referenced in the agreements of sale was a construction loan. Pursuant to the promissory notes, the plaintiff was entitled to "declare the entire unpaid amount of principal and interest under this Note to be immediately due and payable if [the defendant] defaults in the due and punctual payment of any installment of principal or interest hereunder."
On October 15, 2007, the parties executed an indemnification agreement pursuant to which the plaintiff acknowledged that he owed a debt to the Corporations in an amount not less than $82,830, that the defendant would assume that liability, and that the defendant's debt to the plaintiff under the agreements of sale would be reduced by that amount. The indemnification agreement further provided that "the total outstanding balance [owed by the plaintiff to the Corporations] shall be determined and finalized on the date of the closing of the construction loan." It was undisputed that as of October 1, 2008, the date of the closing of the construction loan, the parties had not yet ascertained the amount to be credited against the defendant's debt to the plaintiff. It was also undisputed that as of November 2008, when the defendant's first payment under the promissory notes was purportedly due, the defendant had already made several payments to the plaintiff in the total amount of $207,000.
The plaintiff commenced this action in July 2009, and, in an amended complaint, asserted causes of action alleging breach of contract, fraud, unjust enrichment, and conversion, and sought declaratory relief and to recover an attorney's fee. The plaintiff alleged that the defendant was liable for breach of contract based on his "refus[al] to satisfy his obligations under the three Agreements of Sale, three Stock Pledge Agreements, and three Security Agreements." The plaintiff also alleged that the defendant executed a fourth promissory note in June 2006, pursuant to which the defendant agreed to pay the plaintiff the amount of $300,000 to "secur[e] [the defendant's] right to purchase the Plaintiff's shares in the corporate entities." The plaintiff sought "[an] order to return the shares of stock . . . and/or money damages in the amount of at least $493,000, exclusive of costs, interest and attorneys' fees."
A four-day trial was held between January 28, 2015, and February 3, 2015. After the plaintiff rested, the Supreme Court granted the defendant's motion to dismiss all of the causes of action in the amended complaint, with the exception of the cause of action alleging breach of contract. The court also ruled that "the promissory note of June 2006 is not part of this case." When the court asked the parties whether they had any objections to the court's proposed verdict sheet and charges, the plaintiff's attorney stated "plaintiff takes exception to the fact [that] the verdict sheet does not contain a provision whereby plaintiff can get his shares back from the defendant if the defendant breached the contracts."
On February 3, 2015, the jury returned a verdict finding that the defendant breached the contract between the parties, that the defendant paid the plaintiff $207,000, that the defendant was entitled to a credit in the amount of $112,000, and that the total amount due from the defendant to the plaintiff was $81,000. After the plaintiff rejected the defendant's tender of a check in the amount of $81,000, the defendant filed a posttrial motion, inter alia, for entry of a proposed judgment, which included provisions dismissing the plaintiff's "claim for return of the defendant's corporate shares of stock," and awarding the defendant costs and disbursements. The plaintiff cross-moved for entry of a counter-proposed judgment, which included, among other things, provisions awarding him the principal sum of $81,000 plus prejudgment interest, "immediate possession of the shares upon the breach of the agreements by defendant," and attorneys' fees. By order dated December 15, 2015, the Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. In an amended judgment entered February 17, 2016, the Supreme Court [*3]awarded the plaintiff the sum of $81,000, rejected the plaintiff's claim for the return of the corporate shares, failed to award the plaintiff an attorney's fee, failed to award the plaintiff prejudgment interest, and awarded the defendant costs and disbursements in the sum of $1,045.59. The plaintiff appeals from the order and the amended judgment.
Contrary to the plaintiff's contention, the Supreme Court properly determined, as a matter of law, that he was not entitled to possession of the subject shares as damages for the cause of action alleging breach of contract. Although the plaintiff sought a return of the shares that were sold to the defendant as remedy for the breach of contract cause of action, that remedy was pleaded alternatively to money damages. The plaintiff, in effect, sought rescission of the parties' agreements. However, "[s]uch relief, lying in equity, is a matter of discretion" (Rudman v Cowles Communications, 30 NY2d 1, 13). Moreover, "[t]he remedy of rescission is unavailable [where] money damages are available and will make plaintiff whole" (Romanoff v Romanoff, 148 AD3d 614, 616; see Rudman v Cowles Communications, 30 NY2d at 13). Here, the record demonstrates that money damages were available and would make the plaintiff whole. Accordingly, we agree with the court's determinations that the remedy of rescission was unavailable as a matter of law and to dismiss the complaint to the extent that it sought to recover possession of the shares (see Rudman v Cowles Communications, 30 NY2d at 13; Romanoff v Romanoff, 148 AD3d at 616). To the extent that the plaintiff argues that he is entitled to possession of the shares on the ground that they serve as collateral for the notes (see UCC 9-203), the plaintiff failed to interpose a cause of action to foreclose on a security interest (cf. Gera v All-Pro Athletics, Inc., 57 AD3d 726). Accordingly, the plaintiff's posttrial claim for the return of the corporate shares was also properly rejected.
We agree with the Supreme Court's determination that the plaintiff was not entitled to prejudgment interest. CPLR 5001(a) provides that interest shall be recovered upon a sum awarded for a breach of contract. CPLR 5001 further mandates that "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed" (CPLR 5001[b]). "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (CPLR 5001[b]; see Baer v Anesthesia Assoc. of Mount Kisco, LLP, 57 AD3d 817, 819; Hayden v P. Zarkadas, P.C., 18 AD3d 500, 501; 155 Henry Owners Corp. v Lovlyn Realty Co., 231 AD2d 559, 560-561). CPLR 5001 further provides that "[t]he date from which interest is to be computed shall be specified in the verdict, report or decision" (CPLR 5001[c]). With limited exception, "[i]f a jury is discharged without specifying the date, the court upon motion shall fix the date" (id.). The party seeking prejudgment interest bears the burden of demonstrating the date from which interest should be computed (see Matter of Kelligrew, 63 AD3d 1064, 1066; see also Siegel, NY Prac § 411 at 720 [5th ed 2011]).
Here, the plaintiff failed to demonstrate when the damages were incurred. Under the particular circumstances of this case, the Supreme Court's determination that the damages were not incurred until the jury rendered its verdict was warranted (see generally Lee v Joseph E. Seagram & Sons, Inc., 592 F2d 39 [2d Cir]; accord Siegel, NY Prac § 411 at 720 [5th ed]; cf. Matter of Kelligrew, 63 AD3d at 1066). Accordingly, we agree with the court's determination to deny that branch of the plaintiff's posttrial cross motion which sought prejudgment interest pursuant to CPLR 5001.
We also agree with the Supreme Court's determination to deny that branch of the plaintiff's posttrial cross motion which sought prejudgment interest pursuant to CPLR 5002. That statute provides that "[i]nterest shall be recovered upon the total sum awarded . . . from the date the verdict was rendered . . . to the date of entry of final judgment" (CPLR 5002). Here, however, the defendant tendered the total amount due under the verdict, $81,000, on the same date that the verdict was returned. Under the circumstances, the defendant's tender of the verdict amount prevented the accrual of interest under CPLR 5002 (see O'Rourk v Berner, 249 AD2d 975, 976; Meiselman v Allstate Ins. Co., 197 AD2d 561, 561-562; see also 10-5001 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 5001.10).
Furthermore, the Supreme Court properly declined to award the plaintiff an attorney's [*4]fee. "Under the general rule, the prevailing party in litigation may not collect his or her counsel fees unless supported by statute, court rule, or written agreement of the parties" (Rosenthal v Rosenthal, 151 AD3d 773, 774; see Markham Gardens, L.P. v 511 9th, LLC, 143 AD3d 949, 953). Here, the plaintiff failed to establish that he was entitled to recover an attorney's fee under the parties' agreements (see Fitzpatrick v Animal Care Hosp., PLLC, 104 AD3d 1078, 1081). Moreover, the court properly concluded that the plaintiff did not receive substantial relief, so as to warrant the conclusion that he prevailed on a central claim (see Chainani v Lucchino, 94 AD3d 1492, 1494).
Finally, we agree with the plaintiff that the Supreme Court should not have awarded the defendant costs and disbursements in the sum of $1,045.59.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.

2016-03183 DECISION & ORDER ON MOTION
2016-03185
Victor Kachkovskiy, appellant, v Aleksandr
Khlebopros, respondent.
(Index No. 21129/09)

Motion by the respondent to dismiss appeals from so much of an order of the Supreme Court, Kings County, dated December 16, 2015, and an amended judgment of the same court entered February 17, 2016, as pertain to the issue of the return of certain corporate shares, on the ground that those portions of the appeals have been rendered academic. By decision and order on motion of this Court dated September 11, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is denied.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court