Matter of Hirsh (2022 NY Slip Op 01788)





Matter of Hirsh


2022 NY Slip Op 01788


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-03763

[*1]In the Matter of Ida Hirsh, deceased. David Hirsh, etc., appellant; Nathaniel Jordan Ramer, etc., et al., respondents. (File No. 4149/15)


Leon I. Behar, P.C., New York, NY, for appellant.
Bressler Amery & Ross, P.C., New York, NY (Jordan S. Weitberg of counsel), for respondents.



DECISION & ORDER
In a proceeding for the administration of the estate of Ida Hirsh, in which David Hirsh, as co-executor of the decedent's estate, petitioned pursuant to SCPA 2103 for the turnover of certain funds on behalf of the estate, the petitioner appeals from a decree of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated January 14, 2019. The decree, upon an order of the same court dated November 30, 2018, denying the petitioner's motion to reject a referee's report dated August 24, 2018, made after a hearing, and confirming the report, dismissed the proceeding.
ORDERED that the decree is affirmed, with costs.
In 2016, David Hirsh (hereinafter the petitioner), a co-executor of the estate of Ida Hirsh (hereinafter the decedent), petitioned for the return of certain funds to the decedent's estate that the decedent transferred to the respondent Nathaniel Jordan Ramer (hereinafter the respondent), the petitioner's nephew and the decedent's grandson, prior to her death. Thereafter, a hearing was held before a referee. At the conclusion of the hearing, the referee recommended denying the petition. By order dated November 30, 2018, the Surrogate's Court denied the petitioner's motion to reject the referee's report and confirmed the referee's report. By decree dated January 14, 2019, the court dismissed the proceeding. The petitioner appeals.
"In a turnover proceeding, the burden of establishing that the property was that of the decedent rests with the petitioner, and once that burden is met, it shifts to the respondent to establish that it was a gift" (Matter of Kelligrew, 63 AD3d 1064, 1065). Here, although the petitioner met his initial burden of establishing that the subject funds belonged to the decedent, the respondent demonstrated by clear and convincing evidence that the decedent gifted the subject funds to him prior to her death (see Mirvish v Mott, 18 NY3d 510; cf. Matter of Voyiatgis, 110 AD3d 911, 912).
The petitioner's remaining contentions are without merit.
Accordingly, the Surrogate's Court properly denied the petitioner's motion to reject the referee's report, confirmed the report, and dismissed the proceeding.
We decline the respondent's request to impose sanctions against the petitioner for taking an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court