| Hammer v Heller |
|:---:|
| 2024 NY Slip Op 33658(U) |
| October 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655988/2023 |
| Judge: Margaret A. Chan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

-------------------------------------------------------------------------------X

ROBIN LANGFAN HAMMER and MARK LANGFAN,

                                  Plaintiffs,

                  - v -

DAYNA LANGFAN HELLER

                           Defendant,

                  - and -

ABNET REALTY COMPANY, RMD ASSOCIATES, and
THE LANGFAN COMPANY,

                           Nominal Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655988/2023 |
| **MOTION DATE** | 05/24/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (MS001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 23, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60

were read on this motion to/for                            DISMISSAL                   .

       Plaintiffs Robin Langfan Hammer (Robin) and Mark Langfan (Mark, and together with Robin, plaintiffs), bring this action against defendant Dayna Langfan Heller (Dayna or defendant) and nominal defendants Abnet Realty Company (Abnet), RMD Associates (RMD), and the Langfan Company (Langfan) seeking declaratory judgment and asserting a claim, in the alternative, for breach of fiduciary duty (NYSCEF # 1 – Complaint or compl). Presently before the court is defendant's motion, pursuant to CPLR 3211(a)(1) and (a)(5), for an order dismissing the Complaint's Sixth and Seventh Causes of Action (NYSCEF # 7). Plaintiffs oppose the motion. For the following reasons, defendants' motion is granted in part and denied in part.

## Background[1]

       Broadly speaking, this action involves a dispute among three siblings—Robin, Mark, and Dayna—concerning their rights and interest in three family general partnerships (compl ¶¶ 1, 5). The first partnership is Abnet, a commercial

---

[1] The following facts are drawn from the Complaint, as well as the exhibits and affidavits accompanying the parties' submissions in connection with defendant's motion.

655988/2023 LANGFAN HAMMER, ROBIN ET AL vs. LANGFAN HELLER, DAYNA ET AL
Motion No. 001

Page 1 of 7

[* 1]

real estate business founded by William K. Langfan (William), the father of Robin, Mark, and Dayna (*see id.* ¶¶ 2, 12-13). Abnet is governed by a First Amended General Partnership Agreement, dated February 10, 2004, and its two general partners are currently RMD, Abnet's Managing Partner, and Mark, as Trustee of non-party William K. Langfan Revocable Trust (*see id.* ¶¶ 2-3, 14-23, 33). The second partnership is RMD, which is an oral partnership owned in equal thirds by Robin, Mark, and Dayna (*id.* ¶¶ 3, 28-30). RMD was formed in 1990 to perpetually hold a 50% general partnership interest in Abnet (*see id.* ¶¶ 3, 30-32). The final partnership is Langfan, an oral partnership formed in 1990 for the purpose of paying salaries and administering healthcare benefits for non-family and family employees managing Abnet's various real properties, as well as paying for incidental office-related expenses (*id.* ¶¶ 4, 38, 40, 43).

At the center of the present motion are plaintiffs' claims contesting Langfan's current partnership interests. At the time of Langfan's formation, Robin, Mark, and Dayna each owned a 33% interest in the partnership (compl ¶ 42). However, in or around February 2011, Dayna, without informing Robin, directed Langfan's accountant, Seymour Kahan, to remove Robin as a partner of the partnership (*see id.* ¶¶ 47-48, 61, 66-67). Kahan followed Dayna's instructions based on her representation that Robin consented to this change, and Kahan consequently filed Langfan's 2010 income tax return to indicate that only Dayna and Mark were owners of Langfan (*see id.* ¶¶ 48-49, 51-52; *see also* NYSCEF # 47). Robin's Schedule K-1 was, in turn, also amended to reflect her partnership interest being reduced from 33.333% to 0 %, while both Mark and Dayna's shares increased to 50% (*see* NYSCEF # 13; NYSCEF # 14; NYSCEF # 15). Langfan's tax returns filed in the following years continued to list only Mark and Dayna as owners (compl ¶¶ 51, 57). Meanwhile, with her partnership interests reduced to zero, Robin stopped receiving Schedule K-1 forms from Langfan (*see id.* ¶ 53). Nevertheless, for years after this purported change in the Langfan partnership, Dayna continued to refer to Robin as a partner—or in some cases a "silent partner"—in Langfan (*see id.* ¶¶ 52, 54-56).

Plaintiffs allege that Dayna never informed Robin about her purported removal as a partner from Langfan, nor did Dayna ever obtain Robin's consent otherwise document Robin's removal (*see* compl ¶¶ 60, 66-70; NYSCEF # 30 – Robin aff ¶¶ 10-12, 15-16, 17-20, 42-61). Instead, in 2022, Mark notified Robin, after his discussions with Dayna following the death of William, that he learned that Robin had been removed from the Langfan partnership (*see* compl ¶¶ 25, 59; NYSCEF # 30 – Robin aff ¶¶ 14-15, 30; NYSCEF # 31 – Mark aff ¶ 58). The next year, in the middle of 2023, Mark reviewed Langfan's tax return history, discovered that Robin no longer appeared in those tax filings, and informed Robin of his findings (*see* compl ¶¶ 63-64; Robin aff ¶ 22). Dayna later confirmed to Robin that she had removed Robin from the Langfan partnership (*see* compl ¶ 65; Robin aff ¶ 32).

According to Robin, Dayna represented in an email that she removed Robin from the Langfan partnership so that Dayna's family could obtain a more

**655988/2023  LANGFAN HAMMER, ROBIN ET AL vs. LANGFAN HELLER, DAYNA ET AL**
Motion No. 001

**Page 2 of 7**

advantageous health insurance plan (*see* Robin aff ¶ 32; *see also* compl ¶ 109; Mark aff ¶ 52; NYSCEF # 10). Plaintiffs therefore seemingly characterize Dayna's conduct as "fraud," alleging that Dayna "defrauded Robin" (*see* Compl ¶¶ 106, 111). Plaintiffs reiterate this characterization throughout their affidavits submitted in opposition (*see* Robin aff ¶¶ 7-8, 13, 15, 21, 25, 29, 31, 35, 36, 41; Mark aff ¶¶ 34, 44, 53, 55-58, 65, 67-70, 74, 79). Separately, in her opposing papers, Robin maintains that she was not provided copies of Langfan's Schedule K-1 for 2010 (or any other year for that matter) or Langfan's 2010 tax return (*see* Robin aff ¶¶ 62-66, 71, 74, 77; *see also* compl ¶¶ 69-70). Other affiants submitted by plaintiffs in opposition apparently confirm this point, affirming that Dayna did not transmit Schedule K-1s for Langfan to Robin or Mark in the ordinary course of business (*see e.g.*, NYSCEF # 32 ¶¶ 3-19; NYSCEF # 33 ¶¶ 5-17; *see also* Mark aff ¶¶ 25-27, 43-44, 45-48, 71).

Robin does concede that, up until 2011, she had listed herself as a partner in Langfan and reported income from Schedule K-1s in her personal income tax returns but stopped doing so in her post-2011 returns (Robin aff ¶¶ 67-69; NYSCEF # 43[2] at pdf 5-6, 11, 13, 17, 20, 22, 35-36, 47-48, 59-60; *see also* NYSCEF # 60). She nevertheless explains that she would have attributed these changes to the fact that she was not receiving a salary or cash income from Langfan (Robin aff ¶ 70). Robin further notes that (1) it was her general practice to rely on Kahan to handle her necessary tax details and reporting, and (2) she never discussed the absence of Schedule K-1s from her personal tax returns with Kahan and had no reason to think they should be included (*id.* ¶¶ 64, 66).

### Legal Standards

CPLR 3211(a)(5) provides that a party may move to dismiss one or more causes of action on the ground that "the cause of action may not be maintained because of . . . statute of limitations." The party seeking dismissal on this basis "bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011]). This, in turn, requires a prima facie showing of "when the plaintiff's cause of action accrued" (*Lebedev v Blavatnik*, 144 AD3d 24, 28 [1st Dept 2016], quoting *Cottone v Selective Surfaces, Inc.*, 68 AD3d 1038, 1041 [2d Dept 2009]). If such a showing is made, then the burden shifts to the non-movant to raise a question of fact as to "whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (*Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP*, 188 AD3d 530, 531 [1st Dept 2020]). In considering a motion brought under CPLR 3211(a)(5), a court must accept the allegations in the complaint as true and resolve all inferences in the non-movant's favor (*see Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2d Dept 2008]).

---

[2] Robin's submission does not include her 2010 tax return.

**655988/2023 LANGFAN HAMMER, ROBIN ET AL vs. LANGFAN HELLER, DAYNA ET AL**
**Motion No. 001**

Page 3 of 7

Separately, under CPLR 3211(a)(1), the court must dismiss a claim if the moving party is able to establish that "a defense is founded upon documentary evidence." In such cases, dismissal is appropriate if the moving party's documentary evidence conclusively establishes a defense as a matter of law (*Goldman v Metro. Life Ins. Co.*, 5 NY3d 561, 571 [2005]). The moving party bears the burden of making such a showing through the proffered documentary evidence (*see Kolchins v Evolution Mkts., Inc.*, 31 NY3d 100, 106 [2018]).

## Discussion

Dayna seeks dismissal of plaintiffs' Sixth and Seventh Causes of Action on the grounds that these claims are time barred (NYSCEF # 19 – MOL at 1-2, 9-16; NYSCEF # 58 – Reply at 2-13). As for the Sixth Cause of Action, which seeks a declaration regarding Robin's removal from the Langfan partnership, Dayna contends that the claim accrued in or around 2011 and therefore the limitations period ran in 2017 under the six-year catch-all statue of limitations provided by CPRL 213(1) (*see* MOL at 9-10; Reply at 2-30). Turning to the Seventh Cause of Action, which alleges breach of fiduciary duty arising out of Robin's removal as partner of Langfan, Dayna maintains that plaintiffs' claim is barred because the claim accrued in or around 2011 (*see* MOL at 10-12; Reply at 4). Dayna further avers that there is no basis to apply the six-year/two-years from discovery limitations period under CPLR 213(8) because plaintiffs' claim does not sound in fraud (*see* MOL at 12-14; Reply at 4-5).

In opposition, plaintiffs maintain that Dayna has failed to meet her *prima facie* burden of establishing untimeliness (NYSCEF # 57 – Opp at 9-22). To start, plaintiffs argue, Dayna has failed to establish the appropriate accrual dates for the Sixth and Seventh Causes of Action and, as a result, the burden never shifted to plaintiffs to raise an issue of fact as to the tolling of the applicable statute of limitations period (*id.* at 12-19). Plaintiffs then contend that, assuming the burden shifted, they raised issues of fact as to what Robin knew or discovered with regard to her partnership status in Langfan (*see id.* at 6-8, 17-22).

The court considers these contentions below.

### I.  Timeliness of Sixth Cause of Action

"[T]he CPLR prescribes no general period of limitation for a declaratory judgment action" (*Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 40-41 [1995] [internal quotation marks and citations omitted]; *see also Rosenthal v City of N.Y.*, 283 AD2d 156, 157-158 [1st Dept 2001] [explaining that "to determine the appropriate limitations period for a declaratory judgment action, 'it is necessary to examine the substance of [the] action to identify the relationship out of which the claim arises and the relief sought'"]). Ordinarily, however, the catch-all six-year statute of limitations in CPLR 213(1) applies (*see Vigilant Ins.*

655988/2023  LANGFAN HAMMER, ROBIN ET AL vs. LANGFAN HELLER, DAYNA ET AL          Page 4 of 7
Motion No. 001

[* 4]                                              4 of 7

*Co.*, 87 NY2d at 41). Here, the parties do not dispute that plaintiffs' Sixth Cause of Action is subject to a six-year statute of limitations period (*see* MOL at 9-10; Opp at 10). Instead, their primary disagreement centers around when plaintiffs' declaratory judgment claim accrued (*see* MOL at 10; Reply at 2-3; Opp at 12-14).

Normally, "[a]n action for declaratory relief accrues when there is a bona fide, justiciable controversy between the parties" (*Trump Vill. Section 4, Inc. v Young*, 217 AD3d 711, 714 [2d Dept 2023]). "A dispute matures into a justiciable controversy when a plaintiff receives direct, definitive notice that the defendant is repudiating his or her rights" (*see Zwarycz v Marnia Constr., Inc.*, 102 AD3d 774, 776 [2d Dept 2013]). In this case, plaintiffs' Sixth Cause of Action seeks to nullify the removal of Robin as a partner of Langfan (compl ¶¶ 99-110). That alleged removal occurred in or around February 2011 (*see id.* ¶¶ 47-49, 51-52). Yet throughout this time, plaintiffs allege, Dayna did not inform Robin of her actions, and she even continued to refer to Robin as if she was still a partner of Langfan (*see id.* ¶¶ 54-56, 66-70). As a result, Robin purportedly did not discover her removal from the Langfan partnership until 2022, when Mark informed her of Dayna's actions (*see id.* ¶¶ 59-69). For these reasons, plaintiffs maintain, the first time Robin would have received "direct, definitive notice" of Dayna's purported repudiation of her partnership rights was in "the middle of 2022", and hence plaintiffs' declaratory judgment claim only accrued at that time (*see* Opp at 13, citing compl ¶¶ 50, 58-59, 111). Accepting these facts as true and resolving all reasonable inferences in plaintiffs' favor, as this court must on a motion to dismiss, the court concludes that plaintiffs' Sixth Cause of Action, as alleged, is timely. Specifically, plaintiffs have sufficiently established at the pleading stage that, although Dayna's actions occurred in 2011, a justifiable controversy only crystalized in 2022 when Dayna informed Mark that Robin was not a partner of Langfan. Hence, at this juncture, plaintiffs' declaratory judgment appears to be within CPRL 213(1)'s six-year limitations period.

Dayna attempts to rebut this conclusion by countering that a justifiable controversy arose, at the latest, in 2011 because, at that point, Robin's tax returns began removing any references to her interests in and income from Langfan (*see* Reply at 3, 6-7; *see also* NYSCEF # 43 at pdf 5-6, 11, 13, 17, 20, 22, 35-36, 47-48, 59-60). Even if, however, Dayna's reliance on the content of these personal income returns is sufficient to meet her prima facie burden of establishing that the time in which to sue has expired, dismissal of the Sixth Cause of Action would not be warranted because plaintiffs have met their burden of overcoming Dayna's prima facie showing. Most notably, in her opposition submissions, Robin affirms that she relied on Kahan to handle her tax reporting and would have attributed any changes to her tax returns the fact that she was not receiving a salary or cash income from Langfan (Robin aff ¶¶ 64, 70). At this juncture, Robin's representations, when coupled with the facts set forth in the Complaint, sufficiently raise a questions of fact about when the Sixth Cause of Action actually accrued. Consequently, Dayna's motion to dismiss the Sixth Cause of Action is denied.

## II.   Timeliness of Seventh Cause of Action

A cause of action for breach of fiduciary duty is subject to a three-year statute of limitations when "the remedy sought is purely monetary in nature" (*IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]; *Romanoff v Romanoff*, 148 AD3d 614, 616 [1st Dept 2017]). In this case, plaintiffs' fiduciary duty claim alleges that, in 2011, Dayna breached her fiduciary duties by unilaterally removing Robin as a partner from Langfan and, in turn, causing Langfan to file federal income tax returns that listed only Mark and Dayna as co-owners of the company (*see* compl ¶¶ 104-105, 109). As a result of this alleged breach, plaintiffs seek money damages in an amount not less than 33% of the total valuation of Langfan (*id.* ¶ 112). Given these allegations, the statute of limitations on plaintiffs' Seventh Cause of Action plainly began to run in 2011 and expired in 2014, i.e., well before this action was filed in 2023.

Plaintiffs nevertheless maintain that their breach of fiduciary duty claim is based on Dayna's fraud, which Robin did not discover until 2022, thereby bringing Seventh Cause of Action within CPLR 213(8)'s two-year fraud discovery rule (*see* compl ¶ 111; Opp at 14-22). The court disagrees. It is true that when a fiduciary duty claim is primarily "based on allegations of actual fraud," the six-year/two-years from discovery limitations period set forth in CPLR 213(8) applies (*see Wimbledon Fin. Master Fund, Ltd. v Hallac*, 192 AD3d 617, 618 [1st Dept 2021). Importantly, however, where fraud allegations are only incidental to the claim asserted, courts will not apply the fraud statute of limitations (*see Romanoff*, 148 AD3d at 616).

That is precisely the issue here. In support of their contention that CPLR 213(8) governs their Seventh Cause of Action, plaintiffs baldly claim that Dayna engaged in fraud when she removed Robin from Langfan's partnership (*see* compl ¶¶ 106, 111; Robin aff ¶¶ 7-8, 13, 15, 21, 25, 29, 31, 35, 36, 41; Mark aff ¶¶ 34, 44, 53, 55-58, 65, 67-70, 74, 79). Yet beyond these bald and conclusory characterizations, plaintiffs do not explain in any detail how, if at all, Dayna's conduct was fraudulent (*see generally* CPLR 3016[b]). And, at any rate, plaintiffs' conclusory assertions fail to establish that Dayna's purported fraudulent conduct was anything more than incidental to the primary conduct underlying their fiduciary duty claim: Dayna's alleged unwarranted removal of Robin from the Langfan partnership (*see* compl ¶¶ 103-110). Accordingly, because there is no basis from the pleadings or plaintiffs' supplementing submissions to conclude that their breach of fiduciary duty claim is governed by CPLR 213(8)'s statute of limitations period, Dayna's motion to dismiss the Seventh Cause of Action is granted and the claim is dismissed as time barred.

### Conclusion

For the foregoing reasons, it is hereby

**655988/2023   LANGFAN HAMMER, ROBIN ET AL vs. LANGFAN HELLER, DAYNA ET AL**
**Motion No.  001**

**Page 6 of 7**

[* 6]

6 of 7

ORDERED that defendant's motion to dismiss the Sixth and Seventh Causes of Action in the Complaint is granted insofar as dismissing the Seventh Cause of Action and denied in all other respects; and it is further

ORDERED that within 30 days of the e-filing of this order, defendant shall file an answer to the Complaint; and it is further

ORDERED that a preliminary conference shall be held via Microsoft Teams on December 4, 2024, at 11:30 AM or at such other time that the parties shall set with the court's law clerk. Prior to the conference, the parties shall first meet and confer to stipulate to a preliminary conference order, available at https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part49-PC-Order-fillable.pdf, in lieu of a conference; and it is further

ORDERED that counsel for plaintiffs shall serve a copy of this decision, along with notice of entry, on defendant within ten days of this filing.

This constitutes the Decision and Order of the court.

| 10/15/2024 | | | |
|---|---|---|---|
| DATE | | MARGARET A. CHAN, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

655988/2023   LANGFAN HAMMER, ROBIN ET AL vs. LANGFAN HELLER, DAYNA ET AL
Motion No. 001

Page 7 of 7

7 of 7